*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0123p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————————

SUSAN HERTZ, Individually and as Personal
Representative of the ESTATE OF ROGER
HERTZ, Deceased,

*Plaintiff-Appellant,*

No. 07-1724

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
No. 06-15443—John Corbett O'Meara, District Judge.

Argued: January 22, 2009

Decided and Filed: March 31, 2009

Before: SURHEINRICH, GRIFFIN, and KETHLEDGE, Circuit Judges.

————————————

**COUNSEL**

————————————

**ARGUED:** Jill M. Wheaton, DYKEMA GOSSETT, Ann Arbor, Michigan, for Appellant.
Colleen Love Conlin, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Appellee. **ON BRIEF:** Daniel J. Stephenson, David M. George, DYKEMA GOSSETT,
Ann Arbor, Michigan, Kathryn J. Humphrey, DYKEMA GOSSETT, Detroit, Michigan, for
Appellant. Colleen Love Conlin, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellee. Deborah A. Hebert, Michael J. Sullivan, COLLINS,
EINHORN, FARRELL & ULANOFF, Southfield, Michigan, for Amici Curiae.

————————————

**OPINION**

————————————

KETHLEDGE, Circuit Judge. Plaintiff Susan Hertz appeals the district court's
dismissal, on limitations grounds, of her claim under the Federal Tort Claims Act ("FTCA"),
28 U.S.C. §§ 1346(b), 2671 *et seq*. We affirm.

1

I.

Roger Hertz, a passenger on board an amateur-built experimental airplane, was killed on May 31, 2004, when the plane flew into a thunderstorm and crashed. The National Transportation Safety Board ("NTSB") investigated the crash. On June 25, 2004, Hertz's widow, Plaintiff Susan Hertz, telephoned the NTSB's Investigator-in-Charge, who told her that "the NTSB believed that the cause of the accident was related to air traffic controller negligence." The Federal Aviation Administration ("FAA") apparently had been responsible for the plane's air-traffic control.

Plaintiff promptly retained counsel to pursue claims against any entities responsible for her husband's death, "including the United States." The estates of two other passengers indeed filed claims against the United States within the two-year period prescribed by 28 U.S.C. § 2401(b). Plaintiff's then-counsel, however, did not file a claim with the FAA until June 9, 2006, which was more than two years after the crash. The FAA denied her claim as untimely.

Plaintiff thereafter commenced this lawsuit in the United States District Court for the Eastern District of Michigan. The United States moved to dismiss the claim as time-barred under § 2401(b). The district court granted the motion, and this appeal followed.

II.

We review *de novo* a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(1), *see Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007), as well as a district court's interpretation of the FTCA's statute of limitations. *See Tolbert v. State of Ohio Dep't of Trans.*, 172 F.3d 934, 938 (6th Cir. 1999).

Title 28 U.S.C. § 2401(b) provides, in relevant part, that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues[.]" Under this section, the "general rule" is that "a tort claim accrues at the time of the plaintiff's injury[.]" *U.S. v. Kubrick*, 444 U.S. 111, 120 (1979); *see also, e.g., Kronisch v. U.S.*, 150 F.3d 112, 121 (2d Cir. 1998) ("Ordinarily, a plaintiff's FTCA claim accrues at the time of injury"). Application of that

rule would bar Plaintiff's claim. The question presented in this case, therefore, is whether the record permits making an exception to the rule.

*Kubrick* is the leading precedent concerning accrual of claims for purposes of § 2401(b). There, Kubrick asserted a medical-malpractice claim based upon treatment he had received in a Veterans Administration ("VA") hospital. His injury, which was hearing loss, occurred in 1968; in January 1969, he learned that the hearing loss may have been caused by an antibiotic, neomycin, given to him by the VA; and in June 1971, he learned that the neomycin "should not have been administered" to him at all. *Id.* at 114. Kubrick argued that his claim accrued on the latter date, since that was the date on which he first discovered that VA negligence may have played a role in his injury. But the Supreme Court disagreed. The Court reasoned that "'accrual' of a claim" does not "await awareness by the plaintiff that his injury was negligently inflicted." *Id*. at 123. Instead, the Court held, a claim accrues when a plaintiff, "armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community." *Id.* Under that test, Kubrick's claim accrued in January 1969—when he learned that neomycin caused his injury—because at that time he "need only have made inquiry among doctors with average training and experience in such matters to have discovered that he probably had a good cause of action." *Id*.

*Kubrick* thus applied not a discovery rule (in the sense of discovering the existence of a claim) with respect to the accrual of claims under the FTCA, but an inquiry-notice rule. Specifically, a claim accrues when a plaintiff possesses enough information with respect to her injury that, "[h]ad [she] sought out independent legal and [expert] advice at that point, [she] should have been able to determine in the two-year period whether to file an administrative claim." *McIntyre v. U.S.*, 367 F.3d 38, 53 (1st Cir. 2004); *see also Kronisch,* 150 F.3d at 121 ("a claim will accrue when the plaintiff knows, or should know, enough of the critical facts of injury and causation to protect himself by seeking legal advice") (internal quotation marks omitted).

The determination as to *when* a plaintiff has such knowledge is necessarily fact-intensive. In some cases, particularly medical-malpractice cases in which the plaintiff has little reason to suspect anything other than natural causes for his injury, a plaintiff might need to know, or have reason to know, of doctor-caused harm (though not necessarily of *negligently* doctor-caused harm) in order for his claim to accrue. *See e.g., Drazan v. U.S.*, 762 F.2d 56, 59 (7th Cir. 1985) (plaintiff's mere knowledge that her spouse died of cancer did not trigger accrual of claim for VA malpractice); *Diaz v. U.S.*, 165 F.3d 1337, 1341 (11th Cir. 1999) (plaintiff's knowledge of spouse's suicide, "without any indication of medical treatment beforehand," did not trigger accrual of malpractice claim).

But deaths by plane crashes are different, for purposes of this rule, than deaths by cancer. Plane crashes by their nature typically involve negligence *somewhere* in the causal chain; and the mere fact of the event is thus typically enough to put the plaintiff on inquiry notice of his claim. If the record further reveals that the plaintiff "should have been able to determine in the two-year period whether to file an administrative claim[,]" *McIntyre*, 367 F.3d at 53, then there is no reason to depart from the general rule that accrual occurs upon injury.

Such is the case here. Plaintiff's spouse died, tragically, in a plane crash. The record makes plain—and Plaintiff herself concedes—not only that she should have been able to determine in the two-year period whether to file a claim, but that she in fact *made* that determination, when the NTSB investigator told her, less than a month after the crash, that "the NTSB believed that the cause of the accident was related to air traffic controller negligence." The problem was simply that, for whatever reason, her then-counsel chose not to file the claim in the remaining 22 months of the period prescribed by Congress.

We lack authority to overlook that omission. "Section 2401(b), the limitations provision involved here, is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." *Kubrick*, 444 U.S. at 117. Anything other than affirmance would frustrate that purpose here. And so too would granting Plaintiff's request that we apply equitable tolling to her claim. *See generally Chomic v. U.S.*, 377 F.3d 607, 615-16 (6th Cir. 2004) (refusing to apply equitable tolling

where "the record is clear that Chomic had seventeen months as Personal Representative in which she could have investigated and filed a timely claim").

The District Court's April 6, 2007 Opinion and Order are affirmed.