**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0526n.06

No. 11-5873

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*May 21, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| CARL O. HUDDLESTON; TAMMY L. HUDDLESTON, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE |
| v. | ) ) | MIDDLE DISTRICT OF TENNESSEE |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant-Appellee. | ) | |

Before: GIBBONS, ROGERS, and COOK, Circuit Judges.

COOK, Circuit Judge. Carl O. Huddleston appeals the district court's dismissal of his medical malpractice claim against the United States under the Federal Tort Claims Act ("FTCA"). We affirm.

Huddleston claims that employees of the United States Department of Veterans Affairs ("VA") Hospital in Murfreesboro, Tennessee committed medical malpractice in connection with his October 2006 colonoscopy. Specifically, he contends that VA employees negligently reprocessed equipment used in the colonoscopy and that he contracted hepatitis B as a result. The VA informed Huddleston of the mishandling of the colonoscopy equipment in February 2009, and he tested positive for hepatitis B later the same month. Huddleston filed an administrative tort claim with the

VA on December 17, 2009. On September 14, 2010, the VA denied Huddleston's claim. He filed his complaint in the district court on March 11, 2011.[1]

The government moved to dismiss Huddleston's malpractice claim under Federal Rule of Civil Procedure 12(b)(1), arguing that Tennessee's three-year statute of repose for medical malpractice lawsuits barred Huddleston's claim. The district court granted the motion. This timely appeal followed.

Huddleston asserts that the district court violated the Supremacy Clause by allowing the Tennessee statute of repose to override 28 U.S.C. § 2401(b), which provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Huddleston asserts that his claim is timely under federal law because he filed his VA administrative claim within two years after he tested positive for hepatitis B, and filed his complaint with the district court within six months after the VA denied his administrative claim. The Supremacy Clause, Huddleston argues, does not permit Tennessee's statute of repose to trump § 2401(b).

---

[1]Huddleston's wife also brought a claim for loss of consortium that the district court dismissed, but the Huddlestons did not appeal the dismissal of that claim.

Huddleston's argument misconstrues the FTCA. "The FTCA does not create liability, it merely waives sovereign immunity to the extent that state-law would impose liability on 'a private individual in similar circumstances.'" *Myers v. United States*, 17 F.3d 890, 899 (6th Cir. 1994) (quoting 28 U.S.C. § 2674). Courts applying the FTCA look to the substantive tort law of the state in which the cause of action arose to determine liability and damages. *See Ward v. United States*, 838 F.2d 182, 184 (6th Cir. 1988) (citing 28 U.S.C. §§ 1346(b), 2674). Against this backdrop, § 2401(b) cannot relieve plaintiffs from the substantive requirements of state tort law; it acts merely as a limitation on the federal government's waiver of sovereign immunity. *Cf. Spannaus v. Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987) ("Unlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed."); *In re Franklin Sav. Corp.*, 385 F.3d 1279, 1287 (10th Cir. 2004) ("Timeliness of suit is one of the conditions of the government's waiver of sovereign immunity under the FTCA, and the district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in § 2401(b)."). Plaintiffs must satisfy § 2401(b) in addition to—rather than in place of—meeting substantive state tort-law requirements.

Huddleston claims medical malpractice by VA employees. A plaintiff must meet the requirements of Tennessee's statute of repose in order to have a cause of action for medical malpractice under Tennessee law:

> In no event shall any [medical malpractice] action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant . . . .

Tenn. Code Ann. § 29-26-116(a)(3). The statute of repose is a substantive requirement, not just a procedural hurdle. *See, e.g.*, *Cronin v. Howe*, 906 S.W.2d 910, 913 (Tenn. 1995); *Montgomery v. Wyeth*, 580 F.3d 455, 468 n.7 (6th Cir. 2009). Unlike a statute of limitations, which eliminates the remedy available to plaintiffs, Tennessee's statute of repose extinguishes the cause of action itself. *Id.* Such substantive limitations apply to suits brought against the United States under the FTCA, which permits liability only where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *See* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ."). Because federal law incorporates state substantive law for the purposes of FTCA claims, applying Tennessee's statute of repose to FTCA plaintiffs does not run afoul of the Supremacy Clause.

Huddleston underwent the colonoscopy in 2006 and filed his complaint in 2010 without claiming fraudulent concealment. Consequently, at the time of his complaint, Tennessee law recognized no cause of action for alleged medical negligence regarding his medical treatment in 2006. The limitations period of § 2401(b) is of no moment because the applicable state law provides no cause of action.

4

We need not decide whether Huddleston could bring suit if he had filed his administrative claim with the VA within three years because Huddleston did not, in fact, file his claim with the VA until December 2009, two months after the statute of repose extinguished his claim.

For these reasons, we affirm.