**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0388n.06

**No. 12-3049**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Apr 19, 2013*
DEBORAH S. HUNT, Clerk

ROBERT KENNEDY,

      **Plaintiff-Appellant,**

v.

UNITED STATES OF AMERICA VETERANS
ADMINISTRATION; MATHEW HEARST,
M.D.; CHRISTOPHER SAVAGE, M.D.; LEE
ZIMMER, M.D.; UNITED STATES OF
AMERICA,

      **Defendants-Appellees.**

                                              /

**ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO**

---

**BEFORE:**    **CLAY, WHITE, Circuit Judges; and HOOD, District Judge.**[*]

    **CLAY, Circuit Judge.**  Plaintiff Robert Kennedy appeals the district court's order

dismissing his medical malpractice claim, brought under the Federal Tort Claims Act ("FTCA"), 28

U.S.C. § 2671 *et. seq.*, pursuant to Federal Rule of Civil Procedure 12(b)(1). The district court found

Plaintiff's failure to file his complaint within Ohio's four-year, medical-malpractice statute of repose,

under Ohio Rev. Code § 2305.113(C)(1), fatal to his claim. For the reasons set forth below, we hold

that a vested right to a cause of action under Ohio's statute of repose is preserved pursuant to the

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

statute of limitations under the FTCA, and accordingly, we **REVERSE** the district court's judgment and **REMAND** for further proceedings.

## BACKGROUND

### A.     Factual Background

On November 21, 2006, Plaintiff, a resident of Ohio, underwent a procedure performed by Dr. Lee Zimmer, a contract employee, and Dr. Matthew Hearst, the chief resident, at the Veterans Administration Medical Center in Cincinnati, Ohio.  Plaintiff alleges that he was never advised of the possible adverse consequences of the surgery nor did he give informed consent, and that as a result of Defendants' negligence and medical malpractice he sustained damages to all three branches of his trigeminal nerve.

On November 19, 2008, within the two years required by 28 U.S.C. § 2401(b), Plaintiff filed an FTCA administrative claim with the Department of Veterans Affairs, asserting medical negligence against Defendants.  The filing was also timely under the requirements of the Ohio Revised Code, which requires all medical claims to be filed within four years of the occurrence of the act or all such claims will be barred.  Ohio Rev. Code § 2305.113(C)(1)–(2).  The Department of Veterans Affairs administratively denied Plaintiff's claim in August 2010, concluding that the evidence against the Veterans Administration was insufficient.  The denial letter included the following relevant language, which is standard in all of the agency's notices of final denial to claimants and reflects the requirements of 28 U.S.C. § 2401(b):

> [I]f you are dissatisfied with the action taken on your claim, you may file suit in accordance with the Federal Torts Claims Act, sections 1346(b) and 2671-2680, title 28, United States Code, which provide that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated within 6 months after the date of the mailing of this notice of

final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If you do initiate such a suit, you are further advised that the proper party defendant is the United States, not VA.

(R. 25, Resp. Mot. to Dismiss.)

## B.    Procedural History

On February 18, 2011, within the requisite six months of the denial letter, but approximately three months past the time required under Ohio Rev. Code § 2305.113(C)(1), Plaintiff filed a medical malpractice claim in the district court against Defendants[1] under the FTCA, 28 U.S.C. § 2671 *et. seq*.

The United States moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), and alternatively, under Rule 12(b)(6), asserting that the statute of repose for medical malpractice under Ohio law had expired, thus extinguishing Plaintiff's claim. Plaintiff argued that the statute of repose was preempted by the FTCA, and alternatively, that Defendant was estopped from using Ohio's statute of repose as a defense since the language in the notice of denial was a material misrepresentation, leading Plaintiff to believe he had six instead of three months to file his complaint, on which Plaintiff relied to his detriment.

On December 16, 2011, the district court granted the government's motion under Rule 12(b)(1), without reaching the alternative grounds for dismissal. The district court concluded that contrary to Plaintiff's assertions, Congress did not intend to preempt state statutes of repose when

---

[1]Petitioner originally named as defendants the United States of America Veterans Administration and doctors Matthew Hearst, Christopher Savage and Lee Zimmer. The United States filed a notice to substitute itself for Hearst and Savage. 28 U.S.C. § 2679. The district court *sua sponte* dismissed the action against Zimmer, a contract surgeon of the medical center, concluding that 1) if Zimmer was Defendant's employee, then the action would fail under Fed. R. Civ. P. Rule 12(b)(1); and 2) if Zimmer was a contract employee, the action would fail because the FTCA is not a mechanism for bringing private claims.

it enacted the FTCA and, thus, Ohio Rev. Code § 2305.113(C)(1) compelled dismissal of Plaintiff's claims. Moreover, the district court found the estoppel argument unpersuasive, holding that the information in the notice of final denial hardly constituted "affirmative misconduct." Accordingly, the district court granted Defendant's motion to dismiss.

On January 13, 2012, Plaintiff filed a timely notice of appeal from the district court's entry of judgment.

## DISCUSSION

### A.      Standard of Review

This Court reviews *de novo* the district court's interpretation of the FTCA's statute and its ruling on the issue of jurisdiction. *Hertz v. United States*, 560 F.3d 616, 618 (6th Cir. 2009). "Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack questions the sufficiency of the pleading. *Id*. When reviewing a facial attack, this Court must take the allegations in the complaint as true to determine whether they establish a federal claim. *Id*. "[L]egal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009) (citation and internal quotation marks omitted).

### B.      Analysis

The question here is whether Plaintiff established a claim of medical malpractice under the FTCA when the federal action was filed after Ohio's four-year statute of repose had expired. While the matter was being considered by this Court, and after briefing by the parties had been submitted, the Ohio Supreme Court issued a decision on Ohio Rev. Code § 2305.113(C) that is instructive. We

-4-

find that in light of *Ruther v. Kaiser*, 983 N.E.2d 291 (Ohio 2012), the statute of repose is not at play to bar the medical negligence claim under the FTCA or preclude subject matter jurisdiction.

Sovereign immunity generally precludes suits against the United States without its consent. *Premo v. United States*, 599 F.3d 540, 544 (6th Cir. 2010). The FTCA, however, provides a limited waiver of sovereign immunity that permits liability against the federal government "to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). The FTCA does not create causes of action; rather, it "constitutes consent to suit and is fundamentally limited to cases in which a private individual would be liable under like circumstances." *Premo*, 599 F.3d at 544 (alterations, citations, and internal quotation marks omitted). Although we construe ambiguities in the waiver "strictly in favor of the sovereign" and do not enlarge them "beyond what the language requires," *id.* at 547 (internal quotation marks omitted), we must be careful not to "assume the authority to narrow the waiver that Congress intended," *United States v. Kubrick*, 444 U.S. 111, 118 (1979).

FTCA claims involve a two-step inquiry: 1) whether local law permits liability and, if so, what are the damages, and then 2) whether the federal law bars the state-mandated recoveries. *Premo*, 599 F.3d at 545. Under the first step, this Court references state law to determine if there is a legitimate state claim on which liability under the FTCA can be grounded. *See Molzof v. United States*, 502 U.S. 301, 305 (1992). Specifically, state substantive limitations, unlike some procedural hurdles, apply to suits brought against the United States under the FTCA. *See Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) ("While state substantive law governs the resolution of [plaintiff's FTCA] claims, federal procedural law governs the manner in which they are resolved on a summary judgment motion."); *see also Huddleston v. United States*, 485 F. App'x 744, 746 (6th

Cir. 2012) (unpublished) ("Because federal law incorporates state substantive law for the purposes of FTCA claims, applying Tennessee's statute of repose to FTCA plaintiffs does not run afoul of the Supremacy Clause."). Under the second step, this Court analyzes whether federal law would bar a state-mandated recovery, such as punitive damages or interest prior to judgment. *Premo*, 599 F.3d at 545; *see also* 28 U.S.C. § 2674.

Though the government is to be liable "to the same extent as a private party," *Orleans*, 425 U.S. at 813, the FTCA requirements preclude identical treatment of the government and private parties in some instances. As mentioned above, the government's liability cannot include punitive damages or interest prior to judgment, even if a private party could be liable for such damages under state law. *Premo*, 599 F.3d at 545. Also, claimants must follow an administrative claims process and adhere to the FTCA's statute of limitations under 28 U.S.C. § 2401(b), even though these requirements differ from the applicable state law. *Chomic v. United States*, 377 F.3d 607, 611 (6th Cir. 2004) ("[S]tate law determines whether there is an underlying cause of action; but federal law defines the limitations period and determines when that cause of action accrued.").

Section 2401(b) outlines the procedural requirements for bringing an FTCA tort claim and was enacted to "require the reasonably diligent presentation of tort claims against the [g]overnment." *Kubrick*, 444 U.S. at 123. It specifically requires claimants to first file their claim with the appropriate administrative agency within a two-year statute of limitations before bringing the claim into federal court. 28 U.S.C. § 2401(b). The claimant has the option to file in federal court as early as six months after filing with the administrative agency if a notice of denial has not been delivered to the claimant. *Id.* § 2675. Once an administrative denial has been rendered, however, a claimant then is required to file in federal court within a six-month statute of limitations that starts running

as of the date of the notice of denial. *Id.* § 2401(b). This two-step process was enacted to preserve judicial resources by streamlining the process for valid claims and switching their starting place to the administrative agency with the most information instead of the federal courts. *See McNeil v. United States*, 508 U.S. 106, 112 n.7 (1993).

In the instant case, because Plaintiff's alleged act of medical negligence occurred in Ohio, he must demonstrate that Ohio law would permit liability to establish the FTCA claim. *See Premo*, 559 F.3d at 545. In addition to establishing the elements of the medical negligence tort, a plaintiff must comply with Ohio's four-year statute of repose. Ohio Rev. Code § 2305.113(C). Unlike statutes of limitations, statutes of repose generally "extinguish[] a cause of action after a fixed period of time, regardless of when the action accrued." *Jones v. Walker Mfg. Co.*, No. 97301, 2012 WL 1142889, at *1 (Ohio Ct. App. April 5, 2012). Accordingly, the government argues, and the district court accepted, that Plaintiff's cause of action was extinguished prior to his filing of the suit in federal court because the filing was approximately three months past the repose period.

However, the Ohio Supreme Court recently held that Ohio Rev. Code § 2305.113(C) does not operate to extinguish vested rights. *See Ruther*, 983 N.E.2d at 300. Though, by its plain language, § 2305.113(C)(1) provides that an action must be commenced within four years of the date of occurrence, the *Ruther* Court held that § 2305.113(C) extinguishes medical claims asserted past the four-year period of repose only if such claims have *not* accrued within the repose period. *Id.* at 296. Where a patient discovers (or the time passes in which he or she reasonably should have discovered) the injury within the repose period, the patient has a vested substantive cause of action under Ohio law. *See id.* at 298. The one-year statute of limitations under Ohio Rev. Code § 2305.113(A) is thereafter the governing limitations time period for bringing the suit. *See id.*

Relying on this Court's unpublished decision in *Huddleston*, the district court determined that the substantive nature of Ohio's statute of repose did not run afoul of the Supremacy Clause with respect to the FTCA. *See* 485 F. App'x at 745–46. Our holding in *Huddleston*, however, is not instructive for a number of reasons. First, the plaintiff in *Huddleston* did not file his administrative claim until after the statute of repose had expired. The *Huddleston* court expressly left open the question whether a claim properly before the appropriate administrative agency within the statutory repose period is extinguished if it is then filed with the district court in compliance with the FTCA but outside of the statute of repose. *Id*. Second, the *Huddleston* court was instructed by Tennessee's statute of repose, which is materially distinct from Ohio Rev. Code § 2305.113(C).[2]

In light of the *Ruther* decision, it is clear that Plaintiff's claim vested well within the repose period. The complaint suggests that the date of accrual was the date of injury, in November 2006, and at the very latest, it is clear that Plaintiff knew of the injury by November 2008, the time he filed his administrative claim. Thus, Plaintiff's discovery of his injury within the four-year repose period vested him with a substantive right of action that could not be extinguished by Ohio Rev. Code § 2305.113(C). *See Ruther*, 983 N.E.2d at 296. Consequently, the statute of repose's bar is not at play here and we need not decide whether it is preempted by the FTCA.[3] Instead, only the one-year

---

[2]Unlike Ohio's statute of repose, Tennessee's statute would bar the use of the one-year statute of limitations for claims that vest even within the third year in the absence of fraudulent concealment by the defendant. *See* Tenn Code Ann. § 29-26-116(a)(3). This suggests that Tennessee's statute is harsher than Ohio's statute as the former does more than just limit the time frame for accrual; it extinguishes some claims before the statute of limitations expires despite accrual within the three-year repose period.

[3]It would be a different inquiry, one that would raise the preemption question, if the claim had not accrued within the four-year repose period and Plaintiff still sought to file an FTCA action. Those facts are not before us, and so we do not reach the issue of preemption at this juncture.

statute of limitations would govern Plaintiff's claim under Ohio law, *see id.*, but we find that it does not apply here since it cannot supplant the statute of limitations under the FTCA, which gives a plaintiff two years from accrual to file his agency claim and six months from the agency's denial to file his federal court action, *see Chomic*, 377 F.3d at 611. Because Plaintiff's cause of action vested well within the four-year repose period, we find that Ohio's substantive law would permit liability for the FTCA claim.

Accordingly, we hold that the district court erred in granting the government's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) because Ohio's statute of repose does not operate to bar Plaintiff's already-vested cause of action. The district court should consider in the first instance Defendant's alternative grounds for the motion to dismiss.

## CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's judgment and **REMAND** for further proceedings consistent with this opinion.

**HELENE N. WHITE, Circuit Judge, concurring.** I join the reversal of the district court's dismissal of Kennedy's claim. However, because I am not convinced that *Ruther v. Kaiser*, 983 N.E.2d 291 (Ohio 2012), holds that Ohio's four-year medical-malpractice statute of repose, Ohio Rev. Code § 2305.113(C),[1] is inapplicable to claims that have accrued within the repose period, I would resolve this appeal on the preemption issue raised by Kennedy.

**I.**

The majority rests its decision on a reading of the Ohio Supreme Court's decision in *Ruther*, 983 N.E.2d 291, without briefing from the parties. *Ruther* upheld the constitutionality of the Ohio medical-malpractice statute of repose against an as-applied challenge, and overruled *Hardy v. VerMeulen*, 512 N.E.2d 626 (Ohio 1987), which held that a prior version of the statute (then codified

---

[1]The statute provides:

Except as to persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in division (D) of this section, both of the following apply:

(1) No action upon a medical, dental, optometric, or chiropractic claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim.

(2) If an action upon a medical, dental, optometric, or chiropractic claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim, then, any action upon that claim is barred.

Ohio Rev. Code § 2305.113(C). Division (D) provides exceptions (not applicable here) for malpractice discovered during the fourth year after treatment and for malpractice in which a foreign object is left in a patient's body. *Id.* § 2305.113(D)(1) and (2). Thus, with limited exceptions, "[t]he statute establishes a [four-year] period beyond which medical claims may not be brought even if the injury giving rise to the claim does not accrue because it is undiscovered until after the period has ended." *Ruther*, 983 N.E.2d at 296.

at Ohio Rev. Code § 2305.11(B) but since repealed and replaced by § 2305.113(C)) violated the Ohio Constitution's right-to-remedy provision.[2]  *Ruther* held that because a medical-malpractice claim accrues, and therefore vests, upon the later of the discovery of the claim or the discontinuance of treatment with the defendant, application of the statute of repose to an undiscovered claim does not operate to bar a vested claim, and accordingly does not violate the right-to-remedy provision. *See* 983 N.E.2d at 292, 295–96, 300.  The quoted language relied on by the majority must be read and understood in that context.

> For example, *Ruther*'s holding states:
>
> A plaintiff like Mrs. Ruther, whose cause of action for medical malpractice does not accrue until after the statute of repose has expired . . . is not deprived of a vested right.  Because [the statute of repose] is a valid exercise of the General Assembly's authority to limit a cause of action, Mrs. Ruther failed to present clear and convincing evidence that the statute is unconstitutional as applied to her claim.  We therefore hold that the medical-malpractice statute of repose found in [Ohio Rev. Code §] 2305.113(C) does not extinguish a vested right and thus does not violate the Ohio Constitution[.]

*Id.* at 300.  In context, the statement that "the medical-malpractice statute of repose . . . does not extinguish a vested right" does not mean that it applies only to rights that have not vested.  Rather, it means that because the claim that is extinguished has not accrued, and thus has not vested to give the plaintiff a substantive right in a cause of action, there can be no violation of the Ohio right-to-remedy provision.

---

[2]This provision states:

> All courts shall be open, and *every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law*, and shall have justice administered without denial or delay.

Ohio Const. art. I, § 16 (emphasis added).

-11-

To be sure, one can read *Ruther* as implying that the corollary of its holding is also true: the medical-malpractice statute of repose violates Ohio's right-to-remedy provision as applied to an accrued claim because when so applied it extinguishes a vested claim. However, I am not comfortable attributing this corollary holding to the Ohio Supreme Court based simply on the language of *Ruther*. This is especially so because *Ruther* set forth a more narrow view of the right-to-remedy provision than the view that formed the basis for the *Hardy* decision, and the entire thrust of the *Ruther* opinion is that the medical-malpractice statute of repose is constitutional. *See* 983 N.E.2d at 294–95 (reasoning that the statute of repose "has a strong presumption of constitutionality" and that the right-to-remedy provision "does not prevent the General Assembly from defining a cause of action").

Thus, although the Ohio Supreme Court might well construe the medical-malpractice statute of repose as applying only to undiscovered claims and conclude that only the one-year limitations period under Ohio Rev. Code § 2305.113(A) governs vested claims, this construction is not part of the holding in *Ruther*. Therefore, I would not base our decision on this reading of *Ruther*.

**II.**

I do, however, conclude that the Ohio statute of repose is preempted under the circumstances of this case because it operates to deprive Kennedy of the six-month period provided by the Federal

Tort Claims Act (FTCA), 28 U.S.C. § 2401(b),[3] to bring his federal-court action following the agency's denial of his claim filed with the agency within the four-year repose period.

The FTCA requires a claimant to present his claim to the appropriate federal agency before commencing suit in federal court. 28 U.S.C. § 2675(a). If the agency fails to issue a final decision within six months, the claimant may elect to regard this inaction as a final denial and bring suit in federal court; however, the claimant is not required to do so and may continue to pursue the administrative process until a final decision is rendered, as Kennedy did here. *See id.*; *Conn v. United States*, 867 F.2d 916, 920–21 (6th Cir. 1989); S. Rep. No. 89-1327, at 5 (1966).

The federal government argues that the Ohio repose statute extinguished Kennedy's FTCA claim, although he pursued his claim in compliance with the deadlines set forth under § 2401(b). Relying on this court's unpublished decision in *Huddleston v. United States*, 485 F. App'x 744 (6th Cir. 2012), the district court determined that the substantive nature of the Ohio statute did not run afoul of the Supremacy Clause, U.S. Const. art. VI, cl. 2. *Huddleston*, however, is inapposite to the instant matter because the plaintiff there did not file his administrative claim within Tennessee's repose period. In contrast, Kennedy filed his administrative claim with nearly two years of the repose period remaining. In *Huddleston*, this court expressly left open the question whether a claim,

---

[3]The FTCA provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

properly before the appropriate federal agency within the repose period, is extinguished if it is then filed with the district court in compliance with the FTCA but outside of the repose period. The district court erred in finding this distinction immaterial.

Kennedy was injured in November 2006 and filed his administrative claim in November 2008, within the boundaries of both the Ohio repose period and the FTCA limitations period. Kennedy did not receive the agency's notice of denial until August 2010, which began the six-month federal limitations period to bring his claim in federal court, but left only three months remaining on the state repose period. Defendant accurately observes that it was not impossible for Kennedy to comply with both the Ohio statute of repose and FTCA statute of limitations since he could have filed his claim in federal court within three months after receiving the administrative denial or earlier.[4] However, it is clear that Congress intended the administrative process to be the preferred method for resolving tort claims against the federal government and that a plaintiff engaging in that process have six months after the agency denial to evaluate his or her position. Because the Ohio medical-malpractice statute of repose operates in this case to undercut the federal procedure, it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" and thus does not apply under conflict preemption principles. *Arizona v. United States*, 567 U.S. ---- , 132 S. Ct. 2492, 2501 (2012) (internal quotation marks omitted).

Section 2401(b) was enacted to provide a more efficient and effective process for resolving tort actions against the federal government. That process imposed no time limits on the federal

---

[4]Kennedy could have filed his suit as early as May 2009 because the FTCA provides that if a claimant does not receive an answer within six months of filing an administrative claim, the claim may be deemed denied and he can file suit at any time. *See* 28 U.S.C. § 2675(a). However, he was not required to do so and had the right to rely on the administrative process.

-14-

agency considering the claim and provides the claimant six months after the agency denial to file suit in federal court. The process is mandatory, and all its components and time limits are part of the whole of the FTCA scheme. Congress clearly intended that a claimant who files a timely claim with the agency will have properly invoked the administrative process and is entitled to file suit within six months of the agency decision, which Kennedy did. To conclude otherwise would allow agencies to delay notices of denial in order to allow the statute of repose to extinguish a plaintiff's claim. This outcome is not what Congress intended when it enacted § 2401(b).

As persuasively reasoned by one district court in this circuit:

> Given the intent of the FTCA for claimants to first file their claims before the agency that would have the best information and based upon the statutory language allowing claimants' an indefinite period of time to file claims in federal court until a claim is denied, . . . the FTCA establishes the existence of a federal claim until an agency renders a ruling on the claim. A claimant's claim is extinguished [thereafter] only if the claimant fails to meet the deadlines in § 2401(b), and a state's statute of repose has no effect on the federal claim. By allowing [p]laintiffs' claims to proceed will not treat the government in a different manner than a private individual under like circumstances because under the FTCA [p]laintiffs were required to proceed through the administrative process and were not allowed to file first their claims in federal court.

*Jones v. United States*, 789 F. Supp. 2d 883, 893 (M.D. Tenn. 2011).

In summary, I would resolve this appeal on the basis that the FTCA preempts a state statute of repose where the claimant files an administrative claim within the repose period and in accordance with the deadlines set forth under § 2401(b).

**JOSEPH M. HOOD, District Judge, concurring**.  I write separately to state my agreement with Judge Clay's conclusion that, reasoning from *Ruther v. Kaiser*, 983 N.E.2d 291 (Ohio 2012), Ohio courts would conclude that Ohio's statute of repose could not permissibly bar Kennedy's claim because it had accrued or vested prior to the expiration of the four year time frame established by the statute of repose.  If we are wrong about how Ohio courts would proceed, then we will learn that in time.  While Judge White's concurrence articulates in a clear and cogent fashion how preemption doctrine would operate if an actual conflict between state and federal law arose, there is no need to determine whether federal law trumps Ohio law where there is no actual conflict between state and federal law because compliance with both federal and statute law is not a "physical impossibility" nor does the state law present an "obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Calif. Fed. Sav. and Loan Ass'n v. Guerra*, 479 U.S. 272, 281 (1987). Certainly, the majority opinion in this matter should not be read to foreclose the application of preemption doctrine in other instances where an actual conflict between state and federal law concerning the time to commence a suit under the Federal Tort Claims Act arises on the facts.