CLAY, Circuit Judge.
Plaintiff Robert Kennedy appeals the district court’s order dismissing his medical malpractice claim, brought under the Federal Tort Claims Act (“FTCA”), 28 U.S.C. § 2671 et. seq., pursuant to Federal Rule of Civil Procedure 12(b)(1). The district court found Plaintiffs failure to file his complaint within Ohio’s four-year, medical-malpractice statute of repose, under Ohio Rev.Code § 2305.113(C)(1), fatal to his claim. For the reasons set forth below, we hold that a vested right to a cause of action under Ohio’s statute of repose is preserved pursuant to the statute of limitations under the FTCA, and accordingly, we REVERSE the district court’s judgment and REMAND for further proceedings.
BACKGROUND
A. Factual Background
On November 21, 2006, Plaintiff, a resident of Ohio, underwent a procedure per *452 formed by Dr. Lee Zimmer, a contract employee, and Dr. Matthew Hearst, the chief resident, at the Veterans Administration Medical Center in Cincinnati, Ohio. Plaintiff alleges that he was never advised of the possible adverse consequences of the surgery nor did he give informed consent, and that as a result of Defendants’ negligence and medical malpractice he sustained damages to all three branches of his trigeminal nerve.
On November 19, 2008, within the two years required by 28 U.S.C. § 2401(b), Plaintiff filed an FTCA administrative claim with the Department of Veterans Affairs, asserting medical negligence against Defendants. The filing was also timely under the requirements of the Ohio Revised Code, which requires all medical claims to be filed within four years of the occurrence of the act or all such claims will be barred. Ohio Rev.Code § 2305.113(C)(l)-(2). The Department of Veterans Affairs administratively denied Plaintiffs claim in August 2010, concluding that the evidence against the Veterans Administration was insufficient. The denial letter included the following relevant language, which is standard in all of the agency’s notices of final denial to claimants and reflects the requirements of 28 U.S.C. § 2401(b):
[I]f you are dissatisfied with the action taken on your claim, you may file suit in accordance with the Federal Torts Claims Act, sections 1346(b) and 2671-2680, title 28, United States Code, which provide that a tort claim that is administratively denied may be presented to a Federal district court for judicial eonsid-eration. Such a suit must be initiated within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If you do initiate such a suit, you are further advised that the proper party defendant is the United States, not VA.
(R. 25, Resp. Mot. to Dismiss.)
B. Procedural History
On February 18, 2011, within the requisite six months of the denial letter, but approximately three months past the time required under Ohio Rev.Code § 2305.113(C)(1), Plaintiff filed a medical malpractice claim in the district court against Defendants[1] under the FTCA, 28 U.S.C. § 2671 et. seq.
The United States moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), and alternatively, under Rule 12(b)(6), asserting that the statute of repose for medical malpractice under Ohio law had expired, thus extinguishing Plaintiffs claim. Plaintiff argued that the statute of repose was preempted by the FTCA, and alternatively, that Defendant was estopped from using Ohio’s statute of repose as a defense since the language in the notice of denial was a material misrepresentation, leading Plaintiff to believe he had six instead of three months to file his complaint, on which Plaintiff relied to his detriment.
On December 16, 2011, the district court granted the government’s motion under Rule 12(b)(1), without reaching the alternative grounds for dismissal. The district *453 court concluded that contrary to Plaintiffs assertions, Congress did not intend to preempt state statutes of repose when it enacted the FTCA and, thus, Ohio Rev. Code § 2805.113(C)(1) compelled dismissal of Plaintiffs claims. Moreover, the district court found the estoppel argument unpersuasive, holding that the information in the notice of final denial hardly constituted “affirmative misconduct.” Accordingly, the district court granted Defendant’s motion to dismiss.
On January 13, 2012, Plaintiff filed a timely notice of appeal from the district court’s entry of judgment.
DISCUSSION
A. Standard of Review
This Court reviews de novo the district court’s interpretation of the FTCA’s statute and its ruling on the issue of jurisdiction. Hertz v. United States, 560 F.3d 616, 618 (6th Cir.2009). “Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack.” Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co., 491 F.3d 320, 330 (6th Cir.2007). A facial attack questions the sufficiency of the pleading. Id. When reviewing a facial attack, this Court must take the allegations in the complaint as true to determine whether they establish a federal claim. Id. “[Ljegal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.” O'Bryan v. Holy See, 556 F.3d 361, 376 (6th Cir.2009) (citation and internal quotation marks omitted).
B. Analysis
The question here is whether Plaintiff established a claim of medical malpractice under the FTCA when the federal action was filed after Ohio’s four-year statute of repose had expired. “While the matter was being considered by this Court, and after briefing by the parties had been submitted, the Ohio Supreme Court issued a decision on Ohio Rev.Code § 2305.113(C) that is instructive. We find that in light of Ruther v. Kaiser, 134 Ohio St.3d 408, 983 N.E.2d 291 (2012), the statute of repose is not at play to bar the medical negligence claim under the FTCA or preclude subject matter jurisdiction.
Sovereign immunity generally precludes suits against the United States without its consent. Premo v. United States, 599 F.3d 540, 544 (6th Cir.2010). The FTCA, however, provides a limited waiver of sovereign immunity that permits liability against the federal government “to the same extent as a private party for certain torts of federal employees acting within the scope of their employment.” United States v. Orleans, 425 U.S. 807, 813, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976). The FTCA does not create causes of action; rather, it “constitutes consent to suit and is fundamentally limited to cases in which a private individual would be liable under like circumstances.” Premo, 599 F.3d at 544 (alterations, citations, and internal quotation marks omitted). Although we construe ambiguities in the waiver “strictly in favor of the sovereign” and do not enlarge them “beyond what the language requires,” id. at 547 (internal quotation marks omitted), we must be careful not to “assume the authority to narrow the waiver that Congress intended,” United States v. Kubrick, 444 U.S. 111, 118, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).
FTCA claims involve a two-step inquiry: 1) whether local law permits liability and, if so, what are the damages, and then 2) whether the federal law bars the state-mandated recoveries. Premo, 599 F.3d at 545. Under the first step, this Court references state law to determine if there is a *454 legitimate state claim on which liability under the FTCA can be grounded. See Molzof v. United States, 502 U.S. 301, 305, 112 S.Ct. 711, 116 L.Ed.2d 731 (1992). Specifically, state substantive limitations, unlike some procedural hurdles, apply to suits brought against the United States under the FTCA. See Vance v. United States, 90 F.3d 1145, 1148 (6th Cir.1996) (“While state substantive law governs the resolution of [plaintiffs FTCA] claims, federal procedural law governs the manner in which they are resolved on a summary judgment motion.”); see also Huddleston v. United States, 485 Fed.Appx. 744, 746 (6th Cir.2012) (unpublished) (“Because federal law incorporates state substantive law for the purposes of FTCA claims, applying Tennessee’s statute of repose to FTCA plaintiffs does not run afoul of the Supremacy Clause.”). Under the second step, this Court analyzes whether federal law would bar a state-mandated recovery, such as punitive damages or interest prior to judgment. Premo, 599 F.3d at 545; see also 28 U.S.C. § 2674.
Though the government is to be liable “to the same extent as a private party,” Orleans, 425 U.S. at 813, 96 S.Ct. 1971, the FTCA requirements preclude identical treatment of the government and private parties in some instances. As mentioned above, the government’s liability cannot include punitive damages or interest prior to judgment, even if a private party could be liable for such damages under state law. Premo, 599 F.3d at 545. Also, claimants must follow an administrative claims process and adhere to the FTCA’s statute of limitations under 28 U.S.C. § 2401(b), even though these requirements differ from the applicable state law. Chomic v. United States, 377 F.3d 607, 611 (6th Cir.2004) (“[S]tate law determines whether there is an underlying cause of action; but federal law defines the limitations period and determines when that cause of action accrued.”).
Section 2401(b) outlines the procedural requirements for bringing an FTCA tort claim and was enacted to “require the reasonably diligent presentation of tort claims against the [government.” Kubrick, 444 U.S. at 123, 100 S.Ct. 352. It specifically requires claimants to first file their claim with the appropriate administrative agency within a two-year statute of limitations before bringing the claim into federal court. 28 U.S.C. § 2401(b). The claimant has the option to file in federal court as early as six months after filing with the administrative agency if a notice of denial has not been delivered to the claimant. Id. § 2675. Once an administrative denial has been rendered, however, a claimant then is required to file in federal court within a six-month statute of limitations that starts running as of the date of the notice of denial. Id. § 2401(b). This two-step process was enacted to preserve judicial resources by streamlining the process for valid claims and switching their starting place to the administrative agency with the most information instead of the federal courts. See McNeil v. United States, 508 U.S. 106, 112 n. 7, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).
In the instant case, because Plaintiffs alleged act of medical negligence occurred in Ohio, he must demonstrate that Ohio law would permit liability to establish the FTCA claim. See Premo, 599 F.3d at 545. In addition to establishing the elements of the medical negligence tort, a plaintiff must comply with Ohio’s four-year statute of repose. Ohio Rev.Code § 2305.113(C). Unlike statutes of limitations, statutes of repose generally “extinguish[ ] a cause of action after a fixed period of time, regardless of when the action accrued.” Jones v. Walker Mfg. Co., No. 97301, 2012 WL 1142889, at *1 (Ohio Ct.App. April 5, 2012). *455 Accordingly, the government argues, and the district court accepted, that Plaintiffs cause of action was extinguished prior to his filing of the suit in federal court because the filing was approximately three months past the repose period.
However, the Ohio Supreme Court recently held that Ohio Rev.Code § 2305.113(C) does not operate to extinguish vested rights. See Ruther, 983 N.E.2d at 300. Though, by its plain language, § 2305.113(C)(1) provides that an action must be commenced within four years of the date of occurrence, the Ruther Court held that § 2305.113(C) extinguishes medical claims asserted past the four-year period of repose only if such claims have not accrued within the repose period. Id. at 296. Where a patient discovers (or the time passes in which he or she reasonably should have discovered) the injury within the repose period, the patient has a vested substantive cause of action under Ohio law. See id. at 298. The one-year statute of limitations under Ohio Rev.Code § 2305.113(A) is thereafter the governing limitations time period for bringing the suit. See id.
Relying on this Court’s unpublished decision in Huddleston, the district court determined that the substantive nature of Ohio’s statute of repose did not run afoul of the Supremacy Clause with respect to the FTCA. See 485 Fed.Appx. at 745-46. Our holding in Huddleston, however, is not instructive for a number of reasons. First, the plaintiff in Huddleston did not file his administrative claim until after the statute of repose had expired. The Huddleston court expressly left open the question whether a claim properly before the appropriate administrative agency within the statutory repose period is extinguished if it is then filed with the district court in compliance with the FTCA but outside of the statute of repose. Id. Second, the Huddle-ston court was instructed by Tennessee’s statute of repose, which is materially distinct from Ohio Rev.Code § 2305.113(C).[2]
In light of the Ruther decision, it is clear that Plaintiffs claim vested well within the repose period. The complaint suggests that the date of accrual was the date of injury, in November 2006, and at the very latest, it is clear that Plaintiff knew of the injury by November 2008, the time he filed his administrative claim. Thus, Plaintiffs discovery of his injury within the four-year repose period vested him with a substantive right of action that could not be extinguished by Ohio Rev.Code § 2305.113(C). See Ruther, 983 N.E.2d at 296. Consequently, the statute of repose’s bar is not at play here and we need not decide whether it is preempted by the FTCA.[3] Instead, only the one-year statute of limitations would govern Plaintiffs claim under Ohio law, see id, but we find that it does not apply here since it cannot supplant the statute of limitations under the FTCA, which gives a plaintiff two-years from accrual to file his agency claim and six months from the agency’s denial to file his federal court action, see Chomic, 377 *456 F.3d at 611. Because Plaintiffs cause of action vested well within the four-year repose period, we find that Ohio’s substantive law would permit liability for the FTCA claim.
Accordingly, we hold that the district court erred in granting the government’s motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) because Ohio’s statute of repose does not operate to bar Plaintiffs already-vested cause of action. The district court should consider in the first instance Defendant’s alternative grounds for the motion to dismiss.
CONCLUSION
For the foregoing reasons, we REVERSE the district court’s judgment and REMAND for further proceedings consistent with this opinion.

. Petitioner originally named as defendants the United States of America Veterans Administration and doctors Matthew Hearst, Christopher Savage and Lee Zimmer. The United States filed a notice to substitute itself for Hearst and Savage. 28 U.S.C. § 2679. The district court sua sponte dismissed the action against Zimmer, a contract surgeon of the medical center, concluding that 1) if Zimmer was Defendant’s employee, then the action would fail under Fed.R.Civ.P. Rule 12(b)(1); and 2) if Zimmer was a contract employee, the action would fail because the FTCA is not a mechanism for bringing private claims.

. Unlike Ohio’s statute of repose, Tennessee’s statute would bar the use of the one-year statute of limitations for claims that vest even within the third year in the absence of fraudulent concealment by the defendant. See Tenn Code Ann. § 29-26-116(a)(3). This suggests that Tennessee’s statute is harsher than Ohio’s statute as the former does more than just limit the time frame for accrual; it extinguishes some claims before the statute of limitations expires despite accrual within the three-year repose period.

. It would be a different inquiry, one that would raise the preemption question, if the claim had not accrued within the four-year repose period and Plaintiff still sought to file an FTCA action. Those facts are not before us, and so we do not reach the issue of preemption at this juncture.