HELENE N. WHITE, Circuit Judge,
concurring.
I join the reversal of the district court’s dismissal of Kenned/s claim. However, because I am not convinced that Ruther v. Kaiser, 134 Ohio St.3d 408, 983 N.E.2d 291 (2012), holds that Ohio’s four-year medical-malpractice statute of repose, Ohio Rev. Code § 2305.113(C),[1] is inapplicable to claims that have accrued within the repose period, I would resolve this appeal on the preemption issue raised by Kennedy.
I.
The majority rests its decision on a reading of the Ohio Supreme Court’s decision in Ruther, 983 N.E.2d 291, without briefing from the parties. Ruther upheld the constitutionality of the Ohio medical-malpractice statute of repose against an as-applied challenge, and overruled Hardy v. VerMeulen, 32 Ohio St.3d 45, 512 N.E.2d 626 (1987), which held that a prior version of the statute (then codified at Ohio Rev.Code § 2305.11(B) but since repealed and replaced by § 2305.113(C)) violated the Ohio Constitution’s right-to-remedy provision.[2] Ruther held that because a medical-malpractice claim accrues, and therefore vests, upon the later of the discovery of the claim or the discontinuance of treatment with the defendant, application of the statute of repose to an undiscovered claim does not operate to bar a vested claim, and accordingly does not violate the right-to-remedy provision. See 983 N.E.2d at 292, 295-96, 300. The quot *457 ed language relied on by the majority must be read and understood in that context.
For example, Ruther’s holding states:
A plaintiff like Mrs. Ruther, whose cause of action for medical malpractice does not accrue until after the statute of repose has expired ... is not deprived of a vested right. Because [the statute of repose] is a valid exercise of the General Assembly’s authority to limit a cause of action, Mrs. Ruther failed to present clear and convincing evidence that the statute is unconstitutional as applied to her claim. We therefore hold that the medical-malpractice statute of repose found in [Ohio Rev.Code § ] 2305.118(C) does not extinguish a vested right and thus does not violate the Ohio Constitution[.]
Id. at 300. In context, the statement that “the medical-malpractice statute of repose ... does not extinguish a vested right” does not mean that it applies only to rights that have not vested. Rather, it means that because the claim that is extinguished has not accrued, and thus has not vested to give the plaintiff a substantive right in a cause of action, there can be no violation of the Ohio right-to-remedy provision.
To be sure, one can read Ruther as implying that the corollary of its holding is also true: the medical-malpractice statute of repose violates Ohio’s right-to-remedy provision as applied to an accrued claim because when so applied it extinguishes a vested claim. However, I am not comfortable attributing this corollary holding to the Ohio Supreme Court based simply on the language of Ruther. This is especially so because Ruther set forth a more narrow view of the right-to-remedy provision than the view that formed the basis for the Hardy decision, and the entire thrust of the Ruther opinion is that the medical-malpractice statute of repose is constitutional. See 983 N.E.2d at 294-95 (reasoning that the statute of repose “has a strong presumption of constitutionality” and that the right-to-remedy provision “does not prevent the General Assembly from defining a cause of action”).
Thus, although the Ohio Supreme Court might well construe the medical-malpractice statute of repose as applying only to undiscovered claims and conclude that only the one-year limitations period under Ohio Rev.Code § 2305.113(A) governs vested claims, this construction is not part of the holding in Ruther. Therefore, I would not base our decision on this reading of Ruth-er.
II.
I do, however, conclude that the Ohio statute of repose is preempted under the circumstances of this case because it operates to deprive Kennedy of the six-month period provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2401(b),[3] to bring his federal-court action following the agency’s denial of his claim filed with the agency within the four-year repose period.
The FTCA requires a claimant to present his claim to the appropriate federal agency before commencing suit in federal court. 28 U.S.C. § 2675(a). If the agency fails to issue a final decision within six months, the claimant may elect to regard this inaction as a final denial and bring suit *458 in federal court; however, the claimant is not required to do so and may continue to pursue the administrative process until a final decision is rendered, as Kennedy did here. See id.; Conn v. United States, 867 F.2d 916, 920-21 (6th Cir.1989); S.Rep. No. 89-1327, at 5 (1966), 1966 U.S.C.C.A.N. 2515.
The federal government argues that the Ohio repose statute extinguished Kennedy’s FTCA claim, although he pursued his claim in compliance with the deadlines set forth under § 2401(b). Relying on this court’s unpublished decision in Huddleston v. United States, 485 Fed.Appx. 744 (6th Cir.2012), the district court determined that the substantive nature of the Ohio statute did not run afoul of the Supremacy Clause, U.S. Const, art. VI, cl. 2. Huddle-ston, however, is inapposite to the instant matter because the plaintiff there did not file his administrative claim within Tennessee’s repose period. In contrast, Kennedy filed his administrative claim with nearly two years of the repose period remaining. In Huddleston, this court expressly left open the question whether a claim, properly before the appropriate federal agency within the repose period, is extinguished if it is then filed with the district, court in compliance with the FTCA but outside of the repose period. The district court erred in finding this distinction immaterial.
Kennedy was injured in November 2006 and filed his administrative claim in November 2008, within the boundaries of both the Ohio repose period and the FTCA limitations period. Kennedy did not receive the agency’s notice of denial until August 2010, which began the six-month federal limitations period to bring his claim in federal court, but left only three months remaining on the state repose period. Defendant accurately observes that it was not impossible for Kennedy to comply with both the Ohio statute of repose and FTCA statute of limitations since he could have filed his claim in federal court within three months after receiving the administrative denial or earlier.[4] However, it is clear that Congress intended the administrative process to be the preferred method for resolving tort claims against the federal government and that a plaintiff engaging in that process have six months after the agency denial to evaluate his or her position. Because the Ohio medical-malpractice statute of repose operates in this case to undercut the federal procedure, it “stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress” and thus does not apply under conflict preemption principles. Arizona v. United States, 567 U.S. -, 132 S.Ct. 2492, 2501, 183 L.Ed.2d 351 (2012) (internal quotation marks omitted).
Section 2401(b) was enacted to provide a more efficient and effective process for resolving tort actions against the federal government. That process imposed no time limits on the federal agency considering the claim and provides the claimant six months after the agency denial to file suit in federal court. The process is mandatory, and all its components and time limits are part of the whole of the FTCA scheme. Congress clearly intended that a claimant who files a timely claim with the agency will have properly invoked the administrative process and is entitled to file suit within six months of the agency decision, which Kennedy did. To conclude otherwise would allow agencies to delay notices *459 of denial in order to allow the statute of repose to extinguish a plaintiffs claim. This outcome is not what Congress intended when it enacted § 2401(b).
As persuasively reasoned by one district court in this circuit:
Given the intent of the FTCA for claimants to first file their claims before the agency that would have the best information and based upon the statutory language allowing claimants’ an indefinite period of time to file claims in federal court until a claim is denied, ... the FTCA establishes the existence of a federal claim until an agency renders a ruling on the claim. A claimant’s claim is extinguished [thereafter] only if the claimant fails to meet the deadlines in § 2401(b), and a state’s statute of repose has no effect on the federal claim. By allowing [plaintiffs’ claims to proceed will not treat the government in a different manner than a private individual under like circumstances because under the FTCA [plaintiffs were required to proceed through the administrative process and were not allowed to file first their claims in federal court.
Jones v. United States, 789 F.Supp.2d 883, 893 (M.D.Tenn.2011).
In summary, I would resolve this appeal on the basis that the FTCA preempts a state statute of repose where the claimant files an administrative claim within the repose period and in accordance with the deadlines set forth under § 2401(b).

. The statute provides:
Except as to persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in division (D) of this section, both of the following apply:
(1) No action upon a medical, dental, opto-metric, or chiropractic claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim.
(2) If an action upon a medical, dental, optometric, or chiropractic claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim, then, any action upon that claim is barred.
Ohio Rev.Code § 2305.113(C). Division (D) provides exceptions (not applicable here) for malpractice discovered during the fourth year after treatment and for malpractice in which a foreign object is left in a patient's body. Id. § 2305.113(D)(1) and (2). Thus, with limited exceptions, "[t]he statute establishes a [four-year] period beyond which medical claims may not be brought even if the injury giving rise to the claim does not accrue because it is undiscovered until after the period has ended.” Ruther, 983 N.E.2d at 296.

. This provision states:
All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay.
Ohio Const, art. I, § 16 (emphasis added).

. The FTCA provides:
A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.
28 U.S.C. § 2401(b).

. Kennedy could have filed his suit as early as May 2009 because the FTCA provides that if a claimant does not receive an answer within six months of filing an administrative claim, the claim may be deemed denied and he can file suit at any time. See 28 U.S.C. § 2675(a). However, he was not required to do so and had the right to rely on the administrative process.