# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 22, 2011

No. 10-41085
Summary Calendar

Lyle W. Cayce
Clerk

ROY FRANKLIN SMITH,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:09-CV-304

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roy Franklin Smith appeals following the district court's dismissal of his Federal Tort Claims Act (FTCA) suit against the United States. Smith had an operation on his gallbladder at the VA hospital in Houston in August 1983. In December 2009 he filed suit against the United States, alleging that he contracted Hepatitis C because of a blood transfusion during that operation. The United States filed a motion to dismiss and submitted Smith's hospital records

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41085

purporting to show that Smith was not given a blood transfusion during the 1983 operation.  The district court granted the motion based on the medical records.  Smith argues that there is a fact issue as to whether or not he received a blood transfusion.  We need not decide whether there is a fact issue, however, because we conclude that Smith's claims are barred by Texas' ten-year statute of repose.  *See Sobranes Recovery Pool I, LLC v. Todd & Hughes Constr. Corp.*, 509 F.3d 216, 221 (5th Cir. 2007) ("It is an elementary proposition, and the supporting cases too numerous to cite, that this court may 'affirm the district court's judgment on any grounds supported by the record[.]'") (citation omitted).

In an FTCA case, the federal court will apply the substantive law of the state in which the alleged conduct occurred.  *See* 28 U.S.C. § 1346(b)(1); *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995) (en banc).  For liability to attach under the FTCA, the complained of conduct must be actionable under the local law of the state where it occurred.  *Johnson*, 47 F.3d at 727.  Here, the law of Texas controls because that is where Smith's operation was performed.

Under Texas law, "[a] claimant must bring a health care liability claim not later than 10 years after the date of the act or omission that gives rise to the claim."  TEX. CIV. PRAC. & REM. CODE § 74.251(b).  This is a statute of repose, which unlike a statute of limitation creates a substantive right to be free of liability after the specified time.  *See Methodist Healthcare Sys. of San Antonio, Ltd. v. Rankin*, 307 S.W.3d 283, 287 (Tex. 2010).  The statute is not subject to tolling based on the accrual or discovery of a cause of action, *see id.* at 286–88, and it provides the applicable substantive law in this case.  *See Wayne v. Tenn. Valley Auth.*, 730 F.2d 392, 401–02 (5th Cir. 1984) (holding that similar Tennessee statute of repose was a substantive provision); *Vega v. United States*, 512 F. Supp. 2d 853, 860 (W.D. Tex. 2007) (applying a Texas statute of repose to bar an FTCA claim).

No. 10-41085

The operation and alleged blood transfusion about which Smith complains occurred in 1983.  Because Smith did not file suit until 2009, well beyond the ten-year period of repose, his claims are not actionable.  The district court did not err by dismissing the suit.

AFFIRMED.