**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-1597**

———————————

ANGELIA M. ANDERSON,

        Plaintiff - Appellant,

    v.

UNITED STATES OF AMERICA,

        Defendant - Appellee.

———————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.
(1:08-cv-00003-CCB)

———————————

Argued:  October 25, 2011        Decided:  August 1, 2012

———————————

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

———————————

Reversed and remanded by unpublished per curiam opinion.

———————————

**ARGUED:**  Byron Leslie Warnken, WARNKEN, LLC, Towson, Maryland,
for Appellant.  Lewis S. Yelin, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellee.  **ON BRIEF:** Kerry D.
Staton, Jonathan Schochor, SHOCHOR, FEDERICO & STATON, P.A.,
Baltimore, Maryland, for Appellant.  Tony West, Assistant
Attorney General, Rod J. Rosenstein, United States Attorney,
Thomas M. Bondy, Civil Division, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angelia Anderson appeals from the district court's dismissal of her complaint against the United States for lack of subject matter jurisdiction. The district court reasoned that Maryland Code, Courts and Judicial Proceedings Article Section 5-109(a)(1) constituted a five-year statute of repose that barred Anderson's Federal Tort Claims Act ("FTCA") claim against the United States, which alleged that she received negligent medical care at the Veterans Administration Medical Center in Baltimore, Maryland.

After considering the briefs and oral arguments of the parties, we certified to the Court of Appeals of Maryland the following question:

> Does Section 5-109(a)(1) of the Courts and Judicial Proceedings Article of the Maryland Code constitute a statute of limitations or a statute of repose?

Anderson v. United States, 669 F.3d 161, 162 (4th Cir. 2011).

On June 22, 2012, the Court of Appeals of Maryland answered this question, holding that Section 5-109(a)(1), by its plain text and as confirmed by review of its legislative history, constitutes a statute of limitations. Anderson v. United States, No. 14, Sept. Term 2011, 2012 WL 2361489 (Md. June 22, 2012). As a state statute of limitations, Section 5-109(a)(1) is inapplicable to Anderson's claim under the FTCA, because the FTCA is governed by its own two-year statute of limitations that

2

Anderson indisputably met.  *Anderson*, 669 F.3d at 164-65. Accordingly, we conclude that the district court erred in dismissing Anderson's complaint as time barred.

We therefore reverse the district court's judgment dismissing the complaint and remand for further proceedings.

<u>REVERSED AND REMANDED</u>