**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1552**

MERCY DEWS; IAN DEWS,

       Plaintiffs – Appellants,

   v.

UNITED STATES OF AMERICA,

       Defendant – Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge.  (1:16-cv-03980-JFM)

Submitted:  February 13, 2018                Decided:  April 12, 2018

Before DUNCAN and AGEE, Circuit Judges, and Leonie M. BRINKEMA, United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

E. Dale Adkins, III, Emily C. Malarkey, BEKMAN, MARDER & ADKINS LLC, Baltimore, Maryland, for Appellants.  Stephen M. Schenning, Acting United States Attorney, Evelyn Lombardo Cusson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mercy and Ian Dews (the "Appellants") appeal the district court's dismissal of their untimely Federal Tort Claims Act ("FTCA") medical malpractice action against the United States for injuries that their son, J. Dews, sustained during his delivery at the Walter Reed National Military Medical Center ("Walter Reed"). The Appellants urge us to overturn *Raplee v. United States*, 842 F.3d 328 (4th Cir. 2016), in which we held that filing a claim in the Maryland Health Care Alternative Dispute Resolution Office ("HCADRO") does not begin an FTCA action for the purposes of its statute of limitations. *See* 28 U.S.C. § 2401(b). Alternatively, they urge us to apply to the FTCA, the Maryland state law tolling provision that tolls the statute of limitations for claims against healthcare providers for minors and the mentally disabled. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-201. Although we are sympathetic to the Appellants' situation, our precedent compels us to reject both of their arguments. Accordingly, we affirm the district court's dismissal.

I.

On October 23, 2012, Mercy Dews arrived at the Obstetrical Clinic of Walter Reed for a scheduled appointment experiencing extreme lower pelvic pain and decreased fetal movement. Doctors performed a cesarean section nearly two hours later. At the time of his birth, J. Dews was in severe distress--he was not breathing and his heart was not beating. Appellants' Br. at 6. He was later diagnosed with hypoxic ischemic encephalopathy or intrapartum asphyxia, a severe brain condition caused by lack of

2

oxygen in utero.[1]  *Id.*  Since birth, J. Dews has experienced significant cognitive, physical, and behavioral delays.  *Id*.  The Appellants allege that J. Dews's disabilities are the result of the fact that the employees at Walter Reed waited too long to perform a cesarean section.

On October 2, 2014, Appellants brought an administrative tort claim against the United States Department of the Navy (the "Navy") alleging medical malpractice.  The Navy denied the claim on April 20, 2016.  The denial informed the Appellants that they had six months from the date of the mailing of the letter to file suit in the appropriate federal district court.  As required by Maryland law, the Appellants filed a claim form and statement of claim with HCADRO on October 5, 2016.[2]  On October 20, 2016, they filed two certificates of qualified experts and an expert report, as well as an election to waive arbitration.  HCADRO then issued an order on October 24, 2016, transferring the case to the United Stated District Court for the District of Maryland.  J.A. 49.

---

[1] He was also diagnosed with a number of other health conditions including: gastritis, poor feeding, bloody stools, bilateral pneumothoraces, persistent pulmonary hypertension, atrial septal defect, hypotension, septal hypertrophy, seizures, anemia, sepsis, thrombocytopenia, coagulopathy, hematuria, subcutaneous fat necrosis, hypoglycemia, hypokalemia, hyponatremia, hypomagnesemia, narcotic drug withdrawal symptoms, and other conditions.  *Id*. at 7.

[2] Under Maryland's Health Care Claims Act, a Maryland plaintiff must first file a malpractice lawsuit with HCADRO and submit a "certificate of a qualified expert," "attesting to departure from standards of care, and that the departure from standards of care is the proximate cause of the alleged injury."  Md. Code Ann., Cts. & Jud. Proc. § 3-2A-04(a)(1)(i).  The plaintiffs may then elect to waive arbitration and proceed in the appropriate state or federal court.  *Id.* at § 3-2A-06B (b)(1), (f)(1).

3

The Appellants filed the instant action against the United States in the United States District Court for the District of Maryland pursuant to the FTCA on December 13, 2016. On February 10, 2017, the United States moved to dismiss Appellants' claims, arguing that under *Raplee*, the Appellants' action was untimely. The district court granted the United States' motion on April 24, 2017, on that basis.

Appellants timely appealed. They urge us to overturn *Raplee* or, alternatively, to equitably toll the statute of limitations because of J. Dews's minority and disabilities. We are constrained by precedent to affirm the district court.

## II.

We review a dismissal for failure to state a claim de novo. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). Under the FTCA, tort claims against the United States are "forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Appellants filed the instant suit after the six-month FTCA limitation period. They urge us to find their suit timely because they filed an HCADRO claim within the six-month period. We explicitly rejected this argument in a precedential opinion in *Raplee*. There, we found that the language of the FTCA was clear and that "[t]he only way to begin a federal civil action is by filing a complaint with a federal district court." *Raplee,* 842 F.3d at 333. Therefore, a filing in HCADRO did not save an untimely complaint to the federal district court. Appellants urge us to overturn established circuit precedent. "[W]e cannot, as a panel of the court,

4

overrule the decision of another panel; only the *en banc* court may overrule a prior panel decision." *Jones v. Angelone*, 94 F.3d 900, 905 (4th Cir. 1996). Because we are bound by *Raplee*, the Appellants' federal lawsuit is untimely as it was filed more than six months after the Navy denied their claim.

### III.

Alternatively, Appellants urge us to engraft the Maryland provision for equitable tolling, Md. Code Ann., Cts. & Jud. Proc. § 5-201, onto the FTCA statute of limitations. We cannot.[3]

In FTCA cases, substantive state law creates the underlying cause of action, but "federal law defines the limitations period and determines when that cause of action accrues." *Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991). We have previously held that the Maryland statute of limitations for claims against healthcare providers, Md. Code Ann., Cts. & Jud. Proc. § 5-109(a)(1), was inapplicable to the FTCA. *Anderson v. United States*, 474 F. App'x 891, 892 (4th Cir. 2012); *see also Anderson v. United States*, 669 F.3d 161, 162, 164–65 (4th Cir. 2011) (certifying the question of whether Md. Code Ann., Cts. & Jud. Proc. § 5-109(a)(1) was a statute of

---

[3] Our review here is de novo because "to the extent a challenge to the denial of tolling is not to the existence of certain facts, but instead rests on whether those facts demonstrate a failure to bring a timely claim, resolution of th[e] challenge . . . turns on questions of law which are reviewed *de novo*." *Cruz v. Maypa*, 773 F.3d 138, 143 (4th Cir. 2014) (quoting *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003) (internal quotation marks and alternations omitted).

5

limitations, or a statute of repose creating a substantive right), *certified question answered*, 46 A.3d 426, 442 (Md. 2012) (holding that Md. Code Ann., Cts. & Jud. Proc. § 5-109(a)(1) was a statute of limitations as evidenced, in part, by the fact that its running could be tolled). The Maryland provision for equitable tolling, Md. Code Ann., Cts. & Jud. Proc. § 5-201, at issue here is an exception to the statute of limitations for claims against healthcare providers. Because federal law, not state law, determines the limitations period for FTCA claims and because the equitable tolling provision at issue here is an exception to Maryland's statute of limitations for claims against healthcare providers, Maryland's equitable tolling provision is not applicable to the instant case. Accordingly, we find that the district court did not err in that regard either.

IV.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED*.

6