**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BETTE BENNETT,
            *Plaintiff-Appellee,*

v.

UNITED STATES OF AMERICA,
            *Defendant-Appellant.*

No. 21-35941

D.C. No.
3:20-cv-05382-
BHS

OPINION

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted July 7, 2022
Seattle, Washington

Filed August 11, 2022

Before:  Richard R. Clifton and Patrick J. Bumatay, Circuit
Judges, and Richard Seeborg,* District Judge.

Opinion by Judge Seeborg

---

   * The Honorable Richard Seeborg, Chief United States District
Judge for the Northern District of California, sitting by designation.

## SUMMARY[**]

### Federal Tort Claims Act / Statute of Repose

The panel reversed the district court's order holding that plaintiff Bette Bennett's Federal Tort Claims Act ("FTCA") action was not subject to dismissal for having been filed outside the applicable state statute of repose; and remanded for further proceedings to determine the constitutionality of the statute of repose under Washington's state constitution.

Bennett brought suit alleging medical malpractice by government physicians at Naval Hospital Bremerton in the state of Washington.  Bennett first submitted a timely administrative claim to the Navy under the FTCA, which was denied.  She filed her complaint in the Western District of Washington within six months thereafter, as required by the FTCA. The Government sought dismissal on grounds that Bennett's claim had been extinguished by a Washington statute of repose, Wash. Rev. Code § 4.16.350, which prohibits the filing of professional negligence claims against health care providers more than eight years after the act or omission that allegedly caused injury.  Because Bennett's alleged injury from a 2009 medical procedure was not diagnosed until 2017, both her tort claim filed in 2018, and this action filed in 2020, were outside the eight-year period of the statute of repose, even though the claim was timely under the FTCA's requirement that tort claims be filed within two years of "accrual."  The district court held that applying the statute of repose here would conflict with federal law, and therefore, the FTCA statute of limitations

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

preempted Section 4.16.350.  The district court concluded that Bennett's suit was timely filed and denied the Government's motion to dismiss.

The panel held that the only question at issue was whether the FTCA's statute of limitations supplanted the eight-year statute of repose embodied in the latter clause of Section 4.16.350.  The U.S. Supreme Court addressed a similar question in a parallel context in *CTS Corp. v. Waldburger*, 573 U.S. 1, 3-4 (2014).  *CTS* explained the consequences of the distinction between a statute of limitation and a statute of repose.  A statute of repose "is not related to the accrual of any cause of action," but instead "mandates that there shall be no cause of action beyond a certain point, even if no cause of action has yet accrued." *Id*. at 16.  Here, Bennett concedes that the eight-year limit in Section 4.16.350 is a statute of repose, and that it represents substantive law of the state of Washington.  The panel held that because there was no contradictory statute of repose in the FTCA, and the FTCA generally applied the substantive law "of the place where the omission occurred," it followed that Section 4.16.350 applied to Bennett's claims and precluded them.  The acts and/or omissions forming the basis of Bennett's claims occurred in February 2009, and the effect of the statute of repose arose eight years later in February 2017.  At that point, even though Bennett's claim had not yet accrued, she had no cause of action.  In addition, under the FTCA, there was no waiver of sovereign immunity because there were no "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).

The panel rejected Bennett's contention that state statutes of repose do not apply to claims under the FTCA.

The panel also rejected Bennett's argument that the FTCA preempted state statutes of repose that were supposedly "inconsistent" with the timing provisions in the FTCA, where, as here, they preclude a claim that the FTCA would not. The panel held that there was no impermissible inconsistency where statutes of limitation and statutes of repose serve overlapping, but ultimately different purposes.

## COUNSEL

Daniel Tenny (argued) and Mark B. Stern, Appellate Staff; Nicholas W. Brown, United States Attorney; Brian M. Boynton, Acting Assistant Attorney General; Civil Division, United States Department of Justice, Washington, D.C.; for Defendant-Appellant.

Darrin E. Bailey (argued), Bailey Onsager PC. Seattle, Washington, for Plaintiff-Appellee.

**OPINION**

SEEBORG, District Judge:

This interlocutory appeal presents the question of whether the claims presentation timing requirements of the Federal Tort Claims Act (FTCA) override a state statute of repose. While there is no dispute that the FTCA's timing provisions act as a statute of limitations that supersedes any state statute of limitations, courts have not uniformly agreed on whether those provisions also override state statutes of repose. Because the better reading of the FTCA is that it incorporates and applies state laws that serve as statutes of repose rather than overriding them, we reverse the trial court's determination that this action was not subject to dismissal for having been filed outside the applicable statute of repose. We remand for further proceedings to determine the constitutionality of the statute under Washington's state constitution.

**I.**

Plaintiff Bette Bennett brought suit alleging medical malpractice by government physicians at Naval Hospital Bremerton, in the state of Washington. Bennett had first submitted a timely administrative claim to the Navy under the FTCA, which was denied. She filed her complaint in the Western District of Washington within six months thereafter, as required by the FTCA. *See* 28 U.S.C. § 2401(b).

The Government sought dismissal on grounds that Bennett's claim nevertheless had been extinguished by a Washington statute of repose, Wash. Rev. Code § 4.16.350 (Section 4.16.350), which prohibits the filing of professional negligence claims against health care providers more than

eight years after the act or omission that allegedly caused injury. Because Bennett's alleged injury from a 2009 medical procedure was not diagnosed until 2017, both her tort claim filed in 2018 and this action filed in 2020 were well outside the eight-year period of the statute of repose, even though, under the FTCA's requirement that tort claims be filed within two years of "accrual," the claim was timely.

The Government contends that because the Washington statute of repose applies, and the FTCA waives sovereign immunity *only* "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1), the district court lacked subject matter jurisdiction and should have granted the motion to dismiss. Bennett insists the FTCA preempts or otherwise overrides the Washington statute of repose, but does not contest that if it does apply, the FTCA's waiver of sovereign immunity would be ineffective in this case, and dismissal for lack of jurisdiction would be appropriate, unless she prevails on her alternate contention that the statute of repose in Section 4.16.350 is unconstitutional under the Washington state constitution.[1]

The complaint alleges Bennett is the civilian wife of a Navy service member. In May of 2009, Bennett underwent sinus surgery at Naval Hospital Bremerton to treat her chronic sinusitis. A week later, Bennett experienced significant bleeding from her nose and was taken to the naval hospital emergency room by ambulance. The on-call ENT physician placed nasal packing into Bennett's nasal cavity. When the doctor inserted the packing, Bennett heard a noise

---

[1] That question is not presented by this appeal. Its status is discussed further below.

that sounded like cracking, felt acute pain, and passed out. Bennett was then rushed to the operating room to control her ongoing nosebleed under anesthesia. Bennett was discharged soon thereafter, but returned to the hospital a few days later to have the nasal packing removed.

Bennett subsequently developed a complex constellation of symptoms including migraines, malaise, light sensitivity, memory loss, and other neurocognitive impairments. She saw a series of neurologists and other specialists who were unable to diagnose the cause of her symptoms.

In August of 2017, Bennett was treated by a neuropsychologist who found that she suffered deficits consistent with a traumatic brain injury. Bennett was then referred to the University of Washington Medical Center to see a specialist in brain injuries. In December of 2017, the specialist diagnosed Bennett as suffering from a traumatic brain injury to her prefrontal cortex, caused by the nasal pack insertion in 2009.

In August of 2018, Bennett filed her administrative claim with the Navy, as required by the FTCA. *See* 28 U.S.C. § 2675(a). The Navy denied the claim in October of 2019, finding that the Navy health care providers had met the applicable standard of care and that the alleged damages did not result from the act or omission of any United States employee. Bennett filed this action within the six-month deadline of the FTCA.

The Government moved to dismiss for lack of subject matter jurisdiction, arguing that Washington's statute of repose applicable to professional negligence claims against health care providers, Section 4.16.350, barred Bennett's claims. The court initially deferred ruling on the merits of the motion, instead certifying to the Washington Supreme

Court two questions related to whether Section 4.16.350 is constitutional under the state constitution.

Because the district court had not yet ruled on whether the FTCA precluded application of Section 4.16.350, the Washington Supreme Court declined "as a matter of comity" to answer the certified questions. The district court then took up the Government's motion to dismiss again, ultimately holding that applying the statute of repose here would conflict with federal law, and that therefore the FTCA statute of limitations preempts Section 4.16.350. The court concluded Bennett's suit was thus timely filed, and denied the Government's motion to dismiss.

The district court certified its ruling for interlocutory review and this court's motions panel granted permission to appeal.[2] We have jurisdiction pursuant to 28 U.S.C. § 1292(b) and review de novo the district court's denial of the motion to dismiss. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

## II.

The FTCA provides a limited waiver of the Government's sovereign immunity for tort claims. *See* 28 U.S.C. §§ 1346(b)(1), 2671–2680. With certain exceptions not implicated here, the United States may be

---

[2] Although deference is given to the ruling of the motions panel, we have an independent duty to confirm that jurisdiction is proper. *Kuehner v. Dickinson & Co*., 84 F.3d 316, 318–19 (9th Cir. 1996). Interlocutory review is proper here because there plainly is "a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). No party suggests otherwise.

held liable in tort for the actions or omissions of its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* § 1346(b)(1); *see also id.* § 2674 (United States is liable "in the same manner and to the same extent as a private individual under like circumstances").

The FTCA thus incorporates substantive state law as federal law to determine liability. The FTCA, however, establishes its own administrative claim procedure and statute of limitations provisions that apply uniformly in all states. *See Poindexter v. United States*, 647 F.2d 34, 36–37 (9th Cir. 1981) ("It is long settled, however, that the statute of limitations in the FTCA, 28 U.S.C. § 2401, governs in FTCA actions, even when the state period of limitations is longer or shorter." (citations omitted)).

The FTCA provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). In addition, claims are barred "unless action is begun within six months" of the date the relevant agency denies the claim. *Id.* Claimants cannot file actions in court until the agency has finally denied their claims, except that they are entitled to "deem[]" the agency's "failure . . . to make final disposition of a claim within six months after it is filed" to be "a final denial" at any time after the six months has elapsed. *Id.*, § 2675(a).

Under the FTCA, a claim for medical malpractice does not accrue "until a plaintiff knows of both the existence of an injury and its cause." *Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008) (citing *United States v. Kubrick*, 444 U.S. 111, 122–23 (1979)). Here, there is no dispute that

Bennett's claim did not accrue before December of 2017, when she was first diagnosed with a traumatic brain injury to her prefrontal cortex, purportedly caused by the nasal pack insertion in 2009. Her tort claim filed with the Navy in 2018 was well within the two-year time period provided by § 2401(b), and she filed this action within the requisite six-month period after that claim was denied. Accordingly, all agree that Bennett complied with the procedural and timing requirements specified in the FTCA, and that those requirements apply in lieu of any Washington state law statute of limitations that might otherwise apply.

Section 4.16.350 is, in fact, what has sometimes been referred to as a "bifurcated" or "hybrid" statute—it includes both a statute of limitations and a statute of repose. *See Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013) (noting Illinois courts referred to the state statute as "bifurcated"); *Bagley v. United States*, 215 F. Supp. 3d 831, 835 (D. Neb. 2016) (referring to a "hybrid statute," containing both a one-year statute of limitations and a "three-year repose period").

Section 4.16.350 provides, in pertinent part, that

> [a]ny civil action for damages for injury occurring as a result of health care . . . based upon alleged professional negligence shall be commenced within three years of the act or omission alleged to have caused the injury or condition, or one year of the time the patient or his or her representative discovered or reasonably should have discovered that the injury or condition was caused by said act or omission, whichever period expires later, except that in no event shall an action be

commenced more than eight years after said
act or omission . . . .[3]

Under the statute of limitation portion of Section
4.16.350, had Bennett been suing a private sector medical
provider, her lawsuit, filed more than two years after her
discovery that her injury was caused by the 2009 procedure,
would have been barred as untimely under Washington state
law.[4] Again, however, it is well-settled that the FTCA
supplants state statute of limitations, and that part of Section
4.16.350 is undeniably not in play.

Thus, the only question is whether the FTCA's statute of
limitations also supplants the eight-year statute of repose
embodied in the latter clause of Section 4.16.350. The
Supreme Court has addressed a strikingly similar question in
a parallel context. In *CTS Corp. v. Waldburger*, 573 U.S. 1,
3–4 (2014), the Court confronted a provision in the
Comprehensive Environmental Response, Compensation,
and Liability Act of 1980 (CERCLA), 94 Stat. 2767, as
amended, 42 U.S.C. § 9601 *et seq.*, that by its terms

---

[3] The statute goes on to provide for tolling in the event of "proof of
fraud, intentional concealment, or the presence of a foreign body not
intended to have a therapeutic or diagnostic purpose or effect." While a
general feature of statutes of repose is that they are not subject to
ordinary equitable tolling, there is no suggestion that this provision
precludes the eight-year limit in Section 4.16.350 from qualifying as a
true statute of repose, nor is there any indication that part of the statute
is implicated here.

[4] Of course, had Bennett not been constrained by the FTCA, she
presumably would have filed suit around the time she instead filed her
tort claim, and it would have in fact been timely under the statute of
limitation portion of Section 4.16.350.

preempts statutes of limitations applicable to state law tort actions in certain circumstances. *See* 42 U.S.C. § 9658.

*CTS* explains:

> Section 9658 applies to statutes of limitations governing actions for personal injury or property damage arising from the release of a hazardous substance, pollutant, or contaminant into the environment. Section 9658 adopts what is known as the discovery rule. Under this framework, statutes of limitations in covered actions begin to run when a plaintiff discovers, or reasonably should have discovered, that the harm in question was caused by the contaminant. A person who is exposed to a toxic contaminant may not develop or show signs of resulting injury for many years, and so Congress enacted § 9658 out of concern for long latency periods.

573 U.S. at 4.

The opinion then describes the issue before the Court: "It is undoubted that the discovery rule in § 9658 pre-empts state statutes of limitations that are in conflict with its terms. The question presented in this case is whether § 9658 also pre-empts state statutes of repose." *Id.* While § 9658 of CERCLA does not function identically to the statute of limitations in the FTCA, the differences are not significant

to the dichotomy between statutes of limitation and statutes of repose.[5]

The *CTS* court lays out that dichotomy:

> Statutes of limitations and statutes of repose both are mechanisms used to limit the temporal extent or duration of liability for tortious acts. Both types of statute can operate to bar a plaintiff's suit, and in each instance time is the controlling factor. There is considerable common ground in the policies underlying the two types of statute. But the time periods specified are measured from different points, and the statutes seek to attain different purposes and objectives.

573 U.S. at 7.

Specifically, the *CTS* court explains, a statute of limitation ordinarily creates a time limit for suing in a civil case, based on the date when the claim accrued. *Id.* A statute of repose, in contrast, "puts an outer limit on the right to bring a civil action. That limit is measured not from the date

---

**5** Section 9658 of CERCLA does not replace state statutes of limitation wholesale the way the FTCA does. Instead, it merely provides that the *accrual rules* will be governed by the federal statutes, while the state statutes continue to govern other aspects of the timing requirements. 42 U.S.C. § 9658(a)(1) ("[I]f the applicable limitations period for such action (as specified in the State statute of limitations or under common law) provides a commencement date which is earlier than the federally required commencement date, such period shall commence at the federally required commencement date in lieu of the date specified in such State statute."); *Id.* § 9658 (a)(2) ("Except as provided in paragraph (1), the statute of limitations established under State law shall apply . . . .").

on which the claim accrues but instead from the date of the last culpable act or omission of the defendant." *Id.* at 8.

While statutes of limitation and statutes of repose both "encourage plaintiffs to bring actions in a timely manner, and for many of the same reasons," the emphasis is different. *Id.* at 9–10. "Statutes of repose effect a legislative judgment that a defendant should 'be free from liability after the legislatively determined period of time.'" *Id.* (citations omitted).

*CTS* further explains the consequences of the distinction between a statute of limitation and a statute of repose. A statute of repose "is not related to the accrual of any cause of action." 573 U.S. at 16 (citation omitted). "Rather, it mandates that there shall be no cause of action beyond a certain point, even if no cause of action has yet accrued. Thus, a statute of repose can prohibit a cause of action from coming into existence." *Id.*

As additional support for this proposition, *CTS* cites *Hargett v. Holland*, 337 N.C. 651, 654–655 (1994) ("A statute of repose creates an additional element of the claim itself which must be satisfied in order for the claim to be maintained . . . . If the action is not brought within the specified period, the plaintiff literally has *no* cause of action." (internal quotation marks omitted)). *CTS* then summarizes, "A statute of repose can be said to define the scope of the cause of action, and therefore the liability of the defendant . . . . A statute of repose . . . may preclude an alleged tortfeasor's liability before a plaintiff is entitled to sue, before an actionable harm ever occurs." 573 U.S. at 16–17.

Here, Bennett concedes that the eight-year limit in Section 4.16.350 is a statute of repose, and that it represents

substantive law of the state of Washington. As there is no contradictory statute of repose in the FTCA, and the FTCA generally applies the substantive law "of the place where the act or omission occurred," it follows that Section 4.16.350 applies to Bennett's claims and precludes them. The acts and/or omissions forming the basis of Bennett's claims occurred in February of 2009. The effect of the statute of repose arose eight years later, in February of 2017. At that point, even though Bennett's claim had not accrued, had not even come "into existence," she "literally ha[d] *no* cause of action." *CTS*, 573 U.S. at 16–17.

Under otherwise identical circumstances including all the same timing, had Bennett been treated by non-federal physicians and health care providers, she would have no viable claim.[6] Under the FTCA, therefore, there is no waiver of sovereign immunity because these are not "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also Kubrick*, 444 U.S. at 117–18 ("We should also have in mind that the Act waives the immunity of the United States and . . . we should not take it upon ourselves to extend the waiver beyond that which Congress intended. Neither, however, should we assume the authority to narrow the waiver that Congress intended."(citations omitted)).

There are scant circuit-level precedential decisions addressing this question, but those that exist are in accord. In *Augutis*, the Seventh Circuit concluded that because a state statute of repose was a "substantive limitation on the tort of medical malpractice," it precluded a plaintiff from

---

[6] Though, as noted above, the constitutionality of Section 4.16.350 under the Washington state constitution remains to be resolved.

proceeding under the FTCA despite his compliance with its claims and filing requirements. 732 F.3d at 754. While the *Augutis* court additionally observed that the plaintiff in that case *could* have complied with both the FTCA and the state statute of repose (unlike Bennett, for whom the statute of repose cut off the claim before accrual), the decision does not appear to be dependent on that fact. *See id.* at 754–55.

In *Anderson v. United States*, 669 F.3d 161 (4th Cir. 2011), the Fourth Circuit observed that although "substantive state law establishes—and circumscribes—FTCA causes of action, federal law defines the limitations period." *Id.* at 164–65. *Anderson* went on to explain that "[s]tate law may nevertheless speak to the timeliness of a claim brought under the FTCA, because a state's enactment of a statute of repose 'creates a substantive right in those protected to be free from liability after a legislatively-determined period of time.'" *Id.* (quoting *First United Methodist Church of Hyattsville v. U.S. Gypsum Co.*, 882 F.2d 862, 866 (4th Cir. 1989)).

*Anderson* ultimately concluded that "[b]ecause statutes of repose are substantive limitations on liability, an FTCA claim does not lie against the United States where a statute of repose would bar the action if brought against a private person in state court." *Id.*[7] Thus, the fact that the FTCA

---

[7] *Anderson* then certified to the Court of Appeals of Maryland the question of whether the statute before it in fact was a statute of repose. Upon receiving the state court's response that it was instead a statute of limitations, the Fourth Circuit concluded the plaintiff's FTCA claim was *not* foreclosed. *Anderson v. United States*, 474 F. App'x 891, 892 (4th Cir. 2012).

supplants state statutes of limitations does not mean it overrides state statutes of repose.[8]

## III.

To argue that her claims can go forward notwithstanding that they did not accrue and were not filed—with the agency or with the court—within the period provided by the statute of repose, Bennett makes two interrelated arguments. First, Bennett contends state statutes of repose simply do not apply to claims under the FTCA. For this proposition, Bennett relies predominately on an unpublished district court decision which discussed a range of topics in addressing the question of whether New Mexico's statute of repose required dismissal of the plaintiff's complaint. *See Romero v. United States*, 2018 WL 1363833 (D.N.M. Mar. 15, 2018).

---

[8] At least two unpublished circuit decisions also reach the same result. In *Smith v. United States*, 430 F. App'x 246 (5th Cir. 2011), the Fifth Circuit had little trouble concluding that Texas's ten-year statute of repose in medical malpractice cases precluded an FTCA claim. The court observed that for liability to attach under the FTCA, the conduct must be actionable under state law where it occurred. *Id.* at 247. "Here, the law of Texas controls because that is where Smith's operation was performed . . . . This is a statute of repose, which unlike a statute of limitation creates a substantive right to be free of liability after the specified time." *Id.* (citation omitted). Similarly, in *Huddleston v. United States*, 485 F. App'x 744 (6th Cir. 2012), the court observed: "The statute of repose is a substantive requirement, not just a procedural hurdle. Unlike a statute of limitations, which eliminates the remedy available to plaintiffs, Tennessee's statute of repose extinguishes the cause of action itself." *Id.* at 745–46 (citations omitted). The court further stated, "[s]uch substantive limitations apply to suits brought against the United States under the FTCA, which permits liability only where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred . . . ." *Id.* at 746.

The foundational premise of *Romero* is that the FTCA provisions governing the timing and presentation of administrative claims and its statute of limitations, somehow preclude the potential applicability of any other rules generally involving the subject of timing. *See id.* at \*15–16. The FTCA, however, unquestionably borrows substantive state law on liability. Although not in the precise context of the FTCA, the Supreme Court has made very clear that even where a federal statute overrides state statutes of limitations, it does not thereby also supplant state statutes of repose, which may have timing aspects, but which ultimately go to whether a substantive claim exists or not. *See CTS*, 573 U.S. at 16–17.

Bennett next argues that the FTCA *preempts* state statutes of repose that are supposedly "inconsistent" with the timing provisions in the FTCA where, as here, they preclude a claim that the FTCA would not. Again, however, there is no impermissible inconsistency. Statutes of limitation and statutes of repose serve overlapping, but ultimately different purposes. States often enact schemes, as Washington did here, where their own residents injured by private individuals may find they have lost the right to pursue claims as a result of a statute of repose, even before the injury was manifest or the claim had accrued. The FTCA was not intended to give individuals suing federal actors greater substantive rights than they would have against private defendants. The FTCA spells out in detail the statute of limitations provisions that in some cases may give plaintiffs more time to sue than in state court (or perhaps sometimes less), but absent any similar provisions in the FTCA rewriting the rules applicable to statutes of repose, such statutes are incorporated, not preempted, as representing the substantive law of the place where the act or omission occurred.

Bennett repeatedly insists that because the FTCA expressly defines when claims accrue, it plainly was "intended" to govern the timeliness of claims. Accrual, however, is a concept that relates specifically to statutes of limitation, and *not* to statutes of repose. So, if anything, the FTCA's focus on accrual demonstrates it is *not* intended to supplant substantive state statutes of repose that affect viability of claims without regard to when those claims accrue.[9]

## IV.

On remand, the district court is left with the threshold question of the constitutionality of Section 4.16.350 under the Washington state constitution. Depending on the outcome of that issue, this action may either be dismissed for lack of jurisdiction or proceed to the merits of Bennett's claims.

**REVERSED AND REMANDED.**

---

[9] Some district court cases cited by Bennett, including *Romero* and *Mamea v. United States*, 2011 WL 4371712 (D. Haw. Sept. 16, 2011), raise a policy concern that were a claim to accrue shortly before expiration of a statute of repose, it arguably could skew or undermine the administrative claims process. No such issue is presented here, where Bennett was already outside the statute of repose before her claim accrued. Whether some sort of equitable exception or different rule might appropriately be applied in other circumstances is a question that must await a case with such facts.