# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2026

Lyle W. Cayce
Clerk

———————

No. 25-60111

———————

Velma Battieste, *as Administratrix of* the Estate of Gene Cleveland Battieste, *Deceased*,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:24-CV-304

———————————————————————

ON PETITION FOR REHEARING

Before Clement, Graves, and Ho, *Circuit Judges*.

James E. Graves, Jr., *Circuit Judge*:

The petition for panel rehearing is DENIED. The opinion issued February 27, 2026, is withdrawn by the panel and the following is substituted in its place.

No. 25-60111

In 2006, Gene Battieste underwent an unauthorized surgery at a Veterans Affairs hospital that resulted in post-operative complications. Eighteen years later, his estate sued for medical negligence. Mississippi's medical malpractice statute bars a claim brought "more than seven (7) years after the alleged act, omission or neglect occurred." Miss. Code Ann. § 15-1-36(2). Because we conclude that § 15-1-36(2)'s seven-year provision is a statute of repose which presents an absolute time-bar to this claim, we AFFIRM the district court's dismissal of the suit.

## I. BACKGROUND

Gene Cleveland Battieste was a veteran who underwent surgery at the Veterans Affairs ("VA") Medical Center in Jackson, Mississippi on September 7, 2006.[1] Mr. Battieste consented to surgery on his C3–C7 vertebrae. However, the VA also operated on his C2 vertebra without his knowledge or consent. Mr. Battieste reported itchiness and a rash at the site of the incision in a post-operative visit. Subsequently, Mr. Battieste reported an elevated temperature and malaise, and he developed a moderate MRSA (staph) infection and an elevated white blood cell count.

In 2008, Mr. Battieste applied for VA disability benefits, which were approved in 2020 by the VA Board of Veterans' Appeals ("BVA"). That BVA decision recounts Mr. Battieste's relevant medical history. It details a 2016 opinion by a VA examiner who diagnosed Mr. Battieste with post-operative degenerative arthritis, wound infection, a C2 cervical fracture, and increased neck pain. This 2016 examination noted that the C2 vertebra operation was conducted without Mr. Battieste's consent or knowledge. Mr. Battieste's medical history placed him at additional risk which should have

---

[1] Mr. Battieste passed away in January 2022.

2

led to additional testing, and "the VA's failure to monitor [Mr. Battieste] closely post-operation was clearly a breach in the standard of care."

The 2020 BVA report concluded that the VA did not provide Mr. Battieste with "proper informed consent" and failed to inform Mr. Battieste or his family of the unapproved surgery. Additionally, the VA had "failed to provide [Mr. Battieste] with an appropriate standard of care prior, during, and immediately post-op when he was discharged with a fever." The BVA decision was the first time Mr. Battieste was notified of the VA's medical negligence and the unauthorized procedure.

In November 2022, Velma Battieste, Administrator of Mr. Battieste's estate, filed an administrative claim with the VA under the Federal Tort Claims Act ("FTCA") for his injuries caused by the unauthorized surgery and ensuing complications. The VA denied the claim in November 2023.

In May 2024, Ms. Battieste filed a complaint for medical negligence under the FTCA. The district court granted the United States' motion to dismiss because her claims were time-barred by Mississippi's medical malpractice statute. Ms. Battieste appealed.

## II. STANDARD OF REVIEW

The court reviews a district court's grant of a motion to dismiss de novo. *Copeland v. Wasserstein, Perella & Co.*, 278 F.3d 472, 477 (5th Cir. 2002). Likewise, "[a] district court's determination of state law is reviewed de novo." *Learmonth v. Sears, Roebuck & Co.*, 710 F.3d 249, 258 (5th Cir. 2013).

## III. DISCUSSION

### A. The FTCA and State Law

Under the FTCA, a plaintiff must sue the United States within two years of claim accrual. 28 U.S.C. § 2401(b). "For liability to attach under the

FTCA, the complained of conduct must be actionable under the local law of the state where it occurred." *Smith v. United States*, 430 F. App'x 246, 247 (5th Cir. 2011) (per curiam); *see also Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995) (en banc) (explaining that the FTCA waives the United States' sovereign immunity and requires a breach of state law). Federal courts apply the substantive law of the state where the conduct occurred. *Smith*, 430 F. App'x at 247.

Mississippi's medical malpractice statute contains a time-limiting provision. It does not allow a claim in tort to be brought against a licensed physician or hospital for injuries arising out of surgical services "unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered, and . . . in no event more than seven (7) years after the alleged act, omission or neglect occurred." MISS. CODE ANN. § 15-1-36(2).

### B. Statutes of Limitations and Statutes of Repose

As Ms. Battieste concedes, "the outcome of this matter hinges upon whether MISS. CODE ANN. § 15-1-36(2) constitutes a statute of limitations or a statute of repose." Ms. Battieste argues that it is a statute of limitations, and she pursued the medical negligence claims within two years of the claim's accrual, making her suit timely.

A statute of limitations "creates 'a time limit for suing in a civil case, based on the date when the claim accrued.'" *CTS Corp. v. Waldburger*, 573 U.S. 1, 7 (2014) (quoting *Statute of Limitations*, BLACK'S LAW DICTIONARY (9th ed. 2009)). The limitations period begins to run when the plaintiff can file suit and obtain relief. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105 (2013).

A statute of repose "puts an outer limit on the right to bring a civil action. That limit is measured not from the date on which the claim accrues

but instead from the date of the last culpable act or omission of the defendant." *CTS Corp.*, 573 U.S. at 8. A statute of repose bars suits brought after a certain time from the defendant's negligence, even if the plaintiff has not yet suffered or discovered an injury. *Id.*

### C. Mississippi Law

The Mississippi Supreme Court has not considered whether § 15-1-36(2) contains a statute of repose provision. "If a state's high court has not spoken on a state-law issue, we defer to intermediate state appellate court decisions, unless convinced by other persuasive data that the higher court of the state would decide otherwise." *Learmonth*, 710 F.3d at 258 (citation modified).

The Mississippi Court of Appeals has characterized § 15-1-36(2)'s seven-year provision as a statute of repose.[2] In *Russell v. Williford*, when analyzing which version of § 15-1-36 applied to the plaintiff's medical malpractice claim, the appeals court explained that "[t]he seven year statute of repose runs from the date the alleged act or omission occurred . . . ." 907 So. 2d 362, 366 (Miss. Ct. App. 2004). The dissent described the statute further, noting that "in 1998, the legislature amended Section 15-1-36 to

---

[2] Federal district courts, interpreting Mississippi law, have also referred to § 15-1-36(2)'s seven-year provision as a statute of repose. *See Turner v. Galloway*, No. 3:14CV562 DPJ-FKB, 2016 WL 3249245, at *1 (S.D. Miss. Apr. 6, 2016) ("The question is whether her suit, filed in 2014, is barred by Mississippi's seven-year statute of repose. Miss. Code Ann. § 15-1-36(2)."); *Balfour v. Jackson HMA, LLC*, No. 3:24-CV-93-KHJ-MTP, 2024 WL 4446508, at *3 (S.D. Miss. Oct. 8, 2024) ("[Defendant] contends that the seven-year statute of repose bars [plaintiff's] claims because the alleged negligent interpretation claims . . . . It is undisputed that this statute applies and that [the plaintiff] filed her Complaint after the seven-year limit had passed." (citation modified)).

create a statute of repose for medical negligence actions." *Id.* at 373 (IRVING, J., dissenting) (referencing MISS. CODE ANN. § 15-1-36(2)).

A Mississippi trial court has also applied the seven-year provision as a statute of repose. In *Andrie v. Millette*, the plaintiff filed a 2018 complaint against a doctor for negligent misdiagnosis. No. 2018-00,102(3), 2020 WL 13588445, at *1 (Miss. Cir. May 19, 2020). The doctor moved for summary judgment, arguing that pre-2011 claims were barred. *Id.* In granting the motion, the court identified § 15-1-36(2) as the relevant provision and noted that "[a]cts of negligence more than seven years before the filing of the suit are barred by the statute of repose . . . ." *Id.* at *2.

Ms. Battieste asks that the issue be certified to the Mississippi Supreme Court. Yet certification is not warranted because this is not a close question of law. *See Williamson v. Elf Aquitaine, Inc.*, 138 F.3d 546, 549 (5th Cir. 1998) ("The most important [factors for certification] are the closeness of the question and the existence of sufficient sources of state law—statutes, judicial decisions, attorney general's opinions—to allow a principled rather than conjectural conclusion.").

The Mississippi Court of Appeals has characterized § 15-1-36(2)'s seven-year provision as a statute of repose that presents an "absolute bar on a defendant's temporal liability." *CTS Corp.*, 573 U.S. at 8 (citation modified).

### D. Section 15-1-36(2)'s Text

Ms. Battieste also argues that the tolling exceptions in § 15-1-36(2) are an "unambiguous textual indication" that it is not a statute of repose provision. That is, because § 15-1-36(2) "allows for several situations that abrogate the seven-year period and subjects defendants to liability indefinitely," it is unlike most statutes of repose. This is because most statutes of repose are designed to provide certainty that defendants will be

immune to suit after a "legislatively determined period of time." *See Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 505 (2017) (citation omitted).

Section 15-1-36 includes exceptions for: (1) foreign objects left in a patient's body, (2) fraudulent concealment, (3) minor patients, and (4) claimants with a disability of unsoundness of mind. MISS. CODE ANN. § 15-1-63(2)(a)–(b), (3)–(5).

However, statutes of repose can and do contain express exceptions. The statutes can include tolling provisions when there is indication that the legislature "anticipated the extension of the statutory period under certain circumstances." *Cal. Pub.*, 582 U.S. at 507.

Section 15-1-36(2)'s text tracks other statutes of repose. Under it, an action must be brought within two years, but "in no event more than seven (7) years after the alleged act." MISS. CODE ANN. § 15-1-36(2). "The statute provides in clear terms that '[i]n no event' shall an action be brought more than [a certain number of] years after the [last culpable act]. This instruction admits of no exception and on its face creates a fixed bar against future liability." *Cal. Pub.*, 582 U.S. at 505 (holding that 15 U.S.C. § 77m contains a three-year statute of repose provision).

Its structure—paired as it is with a statute of limitations provision—also indicates that the seven-year provision is a statute of repose. *See id.* at 506 ("The pairing of a shorter statute of limitations and a longer statute of repose is a common feature of statutory time limits.").

Ms. Battieste replies that the Mississippi legislature does not refer to the seven-year period as a "statute of repose," unlike the Texas medical negligence statute which says, "[t]his subsection is intended as a statute of repose so that all claims must be brought within 10 years or they are time barred." TEX. CIV. PRAC. & REM. CODE § 74.251(b).

The lack of specific language "is instructive, but it is not dispositive." *CTS Corp.*, 573 U.S. at 13 (considering whether 42 U.S.C. § 9658 preempted a state statute of repose even though it "use[d] the term 'statute of limitations' four times (not including the caption), but not the term 'statute of repose'"). Here, the structure of § 15-1-36(2)'s text bolsters our conclusion that the seven-year provision is not a statute of limitations.

## IV. CONCLUSION

The Mississippi Court of Appeals has characterized § 15-1-36(2)'s seven-year provision as a statute of repose. The statute bars any claim brought more than seven years after the complained-of act occurred. Because Ms. Battieste brought her claims eighteen years after Mr. Battieste underwent the unauthorized surgery, her claim is time-barred. The district court's judgment is AFFIRMED.